T. A. BRISTOL, Assignee, v. J. H. PEARSON.

*Vendor's Lien for Purchase-money — Waiver — Discharge — Receipt — Referee's Findings — Express Agreement — Allegations — Intention.*

1. B. and M. sold a machine to R. under contract registered, by which the title was to remain in them until the balance of the purchase-money secured by two notes was paid. The vendors then executed the following receipt: "Received of R. $175 in full payment of machine, etc., payments made as follows—$58.33 and two notes of $58.33 each, payable in sixty and ninety days." The last note has never been paid: *Held,* the finding of the referee that the title passed to the vendee and the lien was discharged, as a conclusion of law, cannot be sustained.

2. The vendor's lien is not waived, in the absence of an express agreement to that effect, by taking a note or other personal security for the purchase-money.

3. The intention to discharge such lien in this way must, it seems, be alleged in the complaint.

This was a CIVIL ACTION, heard upon exceptions to report of a referee to whom the same was referred, before *Bynum, J.,* at Chambers, in Morganton, N. C., on the 28th day of March, 1890.

The action was brought to have a sale of certain property assigned for the benefit of creditors, and in order thereto to have the rights of all parties settled. In order thereto, Brem & McDowell, of Charlotte, who claimed title to a certain shaper and collars, were made parties defendant, and set up their answer, claiming title under a conditional sale executed on the 5th day of February, 1889. The other facts are set out in the opinion.

*Messrs. J. B. Batchelor, J. T. Perkins* and *John Devereux, Jr.,* for plaintiff.

*Mr. S. J. Ervin* (by brief) for defendant.

SHEPHERD, J.: Brem & McDowell sold a certain shaping-machine to Robertson, and, under the terms of the contract of sale (which was registered), the title was to remain in the former until the latter had paid the purchase-money.

The sum of $58.33 was paid in cash, and afterwards two simple promissory notes were given by the vendee for the balance of the purchase money. Thereupon the vendors executed the following receipt:

"Received of J. W. Robertson $175, in full payment of shaping-machine and bits, payments made as follows: $58 33 cash, and two notes of $58.33, payable August 17th, 1889, and the other in ninety days from date.

"This June 17th, 1889."

The notes were absolute promises to pay, but recited that they were given in part payment of the said machine. The last note has never been paid. The question presented is whether the taking of the notes and the execution of the receipt had the effect of an actual payment, so as to vest the legal title to the machine in the vendee, and thus deprive the vendors of their lien. The referee does not find that such was the intention of the parties, but he concludes, as a matter of law, from the facts, which we have substantially stated, that the title passed, and the lien was discharged.

"It may now be regarded as a well settled rule that wherever the vendor's lien is recognized at all, it is not waived, in the absence of an express agreement to that effect, by the taking of the note, or other personal security of the vendee for the purchase-money." *Winter* v. *Anson*, 3 Russ., 488; *ex parte Peake*, 1 Madd., 346; *Selby* v. *Stanly*, 4 Minn, 65; *Garson* v. *Green*, 1 Johns., ch. 308; *Denny* v. *Steadly*, 2 Heisk., 156.

"The intention to take a bill (that is, the mere personal obligation of the vendee) in absolute payment for goods sold must be clearly shown, and not deduced from ambiguous expressions, such as that the bill was taken 'in payment' for the goods, or 'in discharge of the price.'" 2 Benjamin Sales, 714.

"The presumption of law is against such satisfaction." *Hymen* v. *Devereux*, 63 N. C., 626.

In the leading case of *Teed* v. *Carruthers*, 21 Eng. Ch. R., 30, the mortgagee, after a cash payment of a part of the debt, gave a receipt to the mortgagor for two accepted bills of exchange, "*in full* of principal and interest due" upon a mortgage for £10,000. It was held that, "as between the mortgagee, the mortgagor, and the latter's assignees, by deed and in bankruptcy," there was no payment, and the Court made a decree of foreclosure.

The foregoing authorities, and especially the case last cited (which seems directly in point), effectually dispose of this appeal in favor of the vendor. If a purchaser, for value and for a present consideration, had been misled by the receipt, the result would be different.

In the absence of evidence and a finding that the transaction was intended as a discharge of the lien, we must hold, in accordance with the general weight of authority, that there was error in the ruling below.

It is further to be observed that, in cases like this, the intention to discharge, &c., must, it seems, be alleged in the pleadings. 2 Jones on Liens, 1,009; *Hymen* v. *Devereux, supra.*

Error.