## M. H. RHYNE v. R. C. G. LOVE.

*Appeal—Exceptions—Partnership—Reference—Settlement—
Account.*

1. The Supreme Court will review only the exceptions to the rulings
   of the trial Court upon matters of law arising upon a referee's
   report.

2. Where, in an action for the settlement of a partnership, the defendant
   pleaded settlement and statute of limitations, but on the trial of those
   issues the Court intimated an opinion that the evidence offered by
   defendant did not sustain the pleas, whereupon, by consent, a mis-
   trial was had and a reference ordered " to take an account of all the
   partnership transactions " betwen the parties ; *Held,* that it was the
   duty of the referee to inquire into all the matters connected with
   the partnership and correct any errors which may have been made,
   in any particular.

3. Where the books of the firm showed frequent statements of account
   and entries of settlement, from time to time, and there was evidence
   of a partial division of assets, but there had been no final account-
   ing ; *Held,* that there was not such settlement as constituted a bar
   to a revision of the accounts.

(*Lynch* v. *Bitting,* 6 Jones Eq., 238; *Bank* v. *Manufacturing Co.,* 96
N. C., 298, cited).

This is a CIVIL ACTION, which was tried before *Montgomery,
Judge,* upon exceptions to referee's report, at Spring Term,
1887, of the Superior Court of GASTON county.

The action is by one partner against the other for an ac-
count and settlement of the firm business, which, in general
merchandise, commenced in the Spring of 1871 and termi-
nated early in February, 1874, and in the ginning and
pressing of cotton, afterwards superadded, which was dis-
solved in the Summer of 1877.

The complaint alleges that the defendant was the active
member during the existence of the partnership, and that
he undertook to close up the affairs of the firm, and took all
its effects into his possession, which are specifically mentioned.

The defendant, in his answer, does not controvert the general averments in the complaint, but sets up as a defence to the action, "a full and complete settlement of their individual accounts with said. partnership and with each other" of the mercantile business, except some small accounts left in defendant's hands to collect, made on May 27th, 1874; and he further alleges, that afterwards, on January 25th, 1878, a full and final settlement took place of the entire business, "both individual and on account of the partnership," except as to a claim preferred by the plaintiff for a difference in value of the parts "of some cotton-gin machinery, buildings and machinery," which had passed into the possession of each.

The defendant further relies upon the lapse of time, more than three years thereafter before the commencement of the action, as a bar to a recovery therein.

At Spring Term, 1883, of the Superior Court of Gaston, a jury was empannelled to try the issue raised in the pleadings, (in what form the record does not show, if any were drawn up), and the defendant having given in his testimony, the Court intimated an opinion that if it be accepted as correct, an instruction will be given to the jury that there had been no settlement of either of the partnership matters. and it was then agreed by defendant's counsel, in deference to what was said by the Court, that a juror might be withdrawn and the case ·referred. Thereupon, an order of reference, without objection, was entered, in these words: "It is therefore considered by the Court that this cause be and the same is hereby referred to W. A. Hoke, Esq., to take an account of the partnership transactions between M. H. Rhyne and R. C. G. Love:

1st. In the first place, that he take an account of all the partnership transactions between them as partners in the mercantile business;

2d. In the second place, of all the partnership transac-

tions and partnership accounts existing between them in the ginning business.

And it is further ordered by the Court, that said referee report all the facts connected with the forgoing partnership, and the testimony therein taken, and his conclusions of law thereon, to the next term of this Court."

The referee made his report accordingly, with his findings of fact and conclusions of law drawn from them, as follows:

"1. The firm of Rhyne & Love was composed of plaintiff, M. H. Rhyne, and defendant, R. G. C. Love, and was organized in January, 1871, with a capital of about $2,600, each owning one-half interest therein. The defendant, Love, was the active partner of the firm, kept the books, and had the general management of the business.

The firm did a general merchandize business, and also erected and conducted a cotton-gin and press in the summer of 1873.

2. The mercantile business was dissolved on or about February 12th, 1874, from which date the mercantile business was continued and carried on by a new firm, styled Love & Rhyne, in which the plaintiff in this cause had no interest.

3. The ginning business of Rhyne & Love was carried on from its commencement in 1873, till August, 1877. There are no entries, exhibits or data from which a separate account of the operations of the ginning business can be made, and only the final division of the property used in said business has been or can be given.

No final or complete settlement was ever had or made between the parties, though the individual accounts of the partners, plaintiff and defendant, were marked in the ledger of the firm as settled, at several different times, as shown in account of plaintiff, Rhyne, (ledger, pages 2, 119 and 229), and account of defendant, (pages ledger, 78 and 217.) These entries were made by defendant more for information as to how the parties stood, and were not, nor intended to be, final

and complete settlement and adjustment of the partnership business.

4. After the dissolution of the mercantile business in February, 1874, the assets of the old firm, consisting of cotton, peas, &c., together with the books and accounts, were left in the hands of the defendant for the purpose of winding up the business. The interest in the ginning business was stopped soon afterwards. There was a division of the property connected with and used in the ginning business. The gin, a belt and pair of scales were taken by plaintiff, and were worth $125. The rest of the gin machinery was taken by defendant, consisting of a water-wheel, screw, shaft, gin-house, &c., and were worth $420.

There was no positive agreement made between the parties as to the division of the ginning property. A proposition to divide was made by plaintiff after the ginning was stopped, but was not accepted by the defendant at the time, and no notice of such acceptance was received by plaintiff. Some time after the proposition was made, plaintiff heard that defendant had moved most of the gin property away and left the gin for himself, and plaintiff then moved the gin away and the other property with which he is charged.

5. There are a good many mistakes and errors in the accounts of both plaintiff and defendant, as shown by an examination of their books, both for and against each of the parties, as follows:

There are errors in plaintiff's accounts with the firm, and in his favor, to the amount of $126.87.

There are also errors in account of the defendant with the firm, and same make a balance against defendant to amount of $812.55.

6. Since the dissolution of the mercantile firm the defendant has collected and received amounts which were due the firm, and constituted part of the firm assets, and for

which he has rendered no account, aggregating, with interest, $1,270.16.

7. That the amount of gin property taken by plaintiff, and for which he is still accountable, is, including interest, $178.75. And the amount so taken by defendant, and for which defendant is still liable, inclusive of interest, is $600.60.

8. That with the exceptions above pointed out, the assets of the firm have been accounted for between the parties, and the defendant, in winding up the firm assets, collected and disbursed, as near as can be ascertained, the sum of $5,402.87.

9. A large amount of testimony was taken in reference to damage to plaintiff's land by ponding water; _____ amount of damages to defendant by delay of the plaintiff in removal of his crop.

This evidence is considered irrelevant to the issue between the parties, and not within the scope and purpose of the reference, and has not been passed upon.

Upon the foregoing facts I find, as conclusions of law:

1. That no final settlement of the partnership account has been made, and the parties are liable to account. *Lynch* v. *Bitting*, 6 Jones Eq., 238.

2. That no settlement or adjustment of the gin property has been had, and the parties are liable to account for the amount received by each.

3. That plaintiff is chargeable with errors heretofore made.

4. That defendant is chargeable with errors heretofore made in his favor, inclusive of interest thereon from the dissolution of the firm.

5. That defendant is chargeable with amount collected by him since the dissolution of the firm, and unaccounted for, with interest thereon from the time same were collected.

6. That each party is chargeable with, and should account for the value, of gin property received by each, with interest on same.

6 (*a*). That defendant is entitled to commissions on amounts collected and disbursed by him since the dissolution of the firm, and 2½ per cent., amount charged, is not excessive; also, interest on same from time of service rendered.

7. Defendant is indebted to plaintiff on balance of account in the sum of $1,078.88, with interest thereon from November 1st, 1884.

In the exhibits there are errors pointed out and corrected in the separate accounts of the partners, and the balance, with interest on that of the plaintiff, put at $305.62, and on that of defendant at $2,463.38, due the firm, leaving to be paid by the latter to the former, in order to an equal final settlement, the sum of $1,078.88.

Upon a re-reference, and after argument, a second report was made, re-affirming the first, and to them were numerous exceptions, taken by defendant, all of which were overruled, the report confirmed. and from the judgment rendered in favor of the plaintiff, the defendant appealed.

*Mr. R. W. Sandifer*, for the plaintiff.
*Mr. C. W. Tillett*, for the defendant.

SMITH, C. J., (after stating the case). The record, like many others brought up for a review of rulings of the Court, in one of which (*Bank* v. *The Law. Man. Co.*, 96 N. C., 298), we took occasion to state the proper practice in cases of appeal, when the exceptions were solely to the referee's report, shows no *exceptions to the rulings of the Court*, which alone, upon matters of law, can be reviewed on appeal.

Of these exceptions, such as relate to the referee's findings of fact, are conclusively disposed of by the Judge in the Court below, and are not cognizable here; and this included alleged errors in specific items mentioned.

The essential matters of complaint, and to which the reviewable exceptions have reference, are:

1. That the referee did not regard the alleged settlements as final and conclusive up to their respective dates, and undertook, in the absence of any charge of falsification or omissions of items, to go behind them for correction and reformation.

2. That he did not find that the parties, by an agreement, divided the partnership property of the ginning business themselves, and adjusted it; and

3. That he did not report that more than three years having elapsed since such alleged settlements, the action was barred by the statute of limitations.

The disposition of these exceptions, as understood by us, will dispose of the appeal.

These settlements were relied on in the answer as a full and complete defence to the action, and this was the subject of inquiry before the jury, when, upon an expression of opinion from the Judge that the defendant's own evidence did not sustain the defence, the jury were discharged, without rendering a verdict, and the reference by consent was made, the scope of which embraces the full account of both partnerships. It was therefore the duty of the referee to inquire into all the matters connected with them, and, accepting what had passed between the parties when examining their individual accounts, as *prima facie* evidence of the correctness of the results reached, to correct any errors which might be detected in either. These were not settlements in truth, but simply statements of the condition of the accounts at the respective dates. The entry is in one case: "Settled in full May 27th, 1874," and yet this was but a construction put upon the calling over items and an assent to them as correct.

Had a witness been present and testified to what occurred, it would have been quite as effectual to bar an inquiry into the accuracy and completeness of the account as is the entry upon the book, but in neither case does such a conse-

quence follow.    It is simply evidence open to correction of errors, if any exist.

The complaint could not "surcharge and falsify," for it proceeds upon the idea that both partnerships were open and unadjusted, and does not recognize a settlement of either. This is a defence set up in the answer, and calling for proof in its support as such, without requiring a replication from the plaintiff.

Moreover, its insufficiency is admitted in the consent reference under its broad, comprehensive terms.

There is therefore no error in the action of the referee in this particular, and in holding that there is no statutory bar to the action, which is dependent upon the alleged settlement as to the time when it is put in motion.

The case of *Lynch* v. *Bitting*, 6 Jones Eq., 238, sustains the referee in his ruling, that what occurred in summing up results was not of such a conclusive nature as to bar an account, wherein MANLY, J., says: "There has been an occasional calculation of interest and summing up of results, as they appeared upon the books of the partnership, and a division of profit balances; but inasmuch as there has been no *final* account at any time stated between them, our inference is, that none of the transactions referred to were considered conclusive, *even as to the matters embraced, but were stages in their books to guide them in partial settlements.*"

The referee finds, and is sustained by the Court in the finding, that of the ginning property, the gin, a belt and pair of scales, worth $125, went into possession of the plaintiff, and the rest of the gin machinery, of the value of $420, was taken by the defendant and appropriated to his own use, and this without any agreement that this partition was to be a settlement.    They are accordingly charged with these respective values.

Upon a careful examination of the case we discover no error subject to correction here, if requiring it, and the judgment must be, and is, affirmed.

Affirmed.