The facts, extracted from the report of the referee, presented on appeal, were as follows:
1. On 24 March, 1876, B. S. Atkinson was indebted to Rountree Co., in the sum of $621.63, which amount was evidenced by one promissory note and secured by a mortgage upon the lands mentioned in the complaint.
2. Afterward, and before 1882, the note and mortgage were assigned to defendant Stancill. *Page 108 
3. On 28 February, 1882, Atkinson was indebted to said Stancill in the amount of the note assigned to him, and various other amounts by note or account, and that on said day Atkinson and defendant came to a settlement and ascertainment of the debts due from him to defendant Stancill, and then executed his promissory note under seal, payable to Stancill, for the amount of $2,119.11, which amount included the Rountree note, with interest to that date, and some additional amounts due Stancill.
4. Stancill accepted said note in full satisfaction of and in payment of and in discharge of said Rountree Co.'s note and other indebtedness, and from that time used said note as collateral, and has treated it as a discharge of preexisting securities.
This action was brought to restrain the defendant from selling under the mortgage and for an account, etc.
From the judgment of the court overruling the exception to that (155) part of the report which held the mortgage to be extinguished by the acceptance of the new note the defendant appealed.
In the well-considered case of Battle v. Mayo, 102 N.C. 413, it was held that where there is reference by consent, the findings of fact by the referee adopted by the trial judge are final, and will not be reviewed here. It was also distinctly held that, while we pass upon the question whether there is any evidence to sustain such findings, the exceptions in this respect must be taken below, and will not be heard for the first time in this Court. There being no such exceptions in the present case, the report of the referee, as approved by the judge, is conclusive, and we can only review the findings of law.
The only exception insisted upon is addressed to the finding of law that "the note to Rountree Co. was, by the transactions between the said Atkinson and the defendant, released and discharged, and the security thereunder lost." The foregoing legal conclusion is based upon the following findings of fact by the referee:
"I find that, on 28 February, 1882, said B. S. Atkinson was indebted to said G. A. Stancill in the amount of the note assigned to him, and various other amounts by note or account, and that on said day the said Atkinson and defendant same to a settlement and ascertainment of the debts due from Atkinson to defendant Stancill, and on that day said Atkinson executed his promissory note, under seal, payable to Stancill for amount of $2,119.11, which amount included the amount of the Rountree note, with interest to that date, with some additional amounts due *Page 109 
Stancill on account of his (Stancill's) tenant, for which he (156) became responsible. I find that defendant G. A. Stancill accepted said note in full satisfaction of and in discharge of said Rountree Co.'s note and other indebtedness, and from that time until now he has used said note as collateral and has treated it as a discharge of preexisting securities."
It is well settled that a mortgage may be discharged by matter in pais,Faw v. Whittington, 72 N.C. 321) and it is equally well established that the mere change in the form of the debt does not satisfy a mortgage given to secure it. Bristol v. Pearson, 107 N.C. 562; Hyman v. Devereux,63 N.C. 624. Neither does the incorporation in the new note of additional indebtedness have this effect. 2 Jones Mort., 930. The presumption is against the discharge of the mortgage, and this can only be overcome by proof that the new note was actually intended by the parties as a satisfaction and extinguishment of the former one. Hymanv. Devereux, supra. "It is, however, competent for the parties to agree that a change in the form of the mortgage debt shall operate as a payment of the debt, although the mortgage be not canceled in form. . . . The question of intention in such cases always comes in with controlling force, and the intention may operate as well to extinguish the debt as to keep it alive. If a note be taken with the intention that it should operate as payment in whole or in part of the old debt, then the mortgage is accordingly paid, wholly or in part, as the case may be." 2 Jones Mort., 926. Applying these principles to the present case, we are constrained to hold that the mortgage debt has been extinguished by the agreement of the parties. The finding of the referee is explicit upon this point. He says that the new note was accepted "in full satisfaction of and in payment" of the former one, and that the defendant has also "treated it as a discharge of preexisting securities."
Under the findings of fact, which we are precluded from reviewing, we must affirm the judgment.
Affirmed.
Cited: Tilley v. Bivens, 110 N.C. 344; Hemmings v. Doss, 125 N.C. 402;Dawson v. Thigpen, 137 N.C. 470; Sturtevant v. Cotton Mills, 171 N.C. 120;Boyer v. Jarrell, 180 N.C. 483. *Page 110 
(157)