HENRIETTA GOODWIN, ADMINISTRATRIX, v. THE TOWN OF
REIDSVILLE.

(Filed 13 November, 1912.)

1. Cities and Towns — Governmental Functions—Ordinances—Liability.

A corporation is not liable for a personal injury, resulting in death or otherwise, caused by either its failure to enact or enforce an ordinance solely relating to the exercise of a purely governmental function.

2. Same—Baseball—Unsafe Customs—Streets—Nonsuit.

The plaintiff's intestate died from an injury inflicted by being struck by a baseball while driving along a public street in the defendant town, and the basis of the action to recover damages against the defendant was its negligence in allowing its public streets to become unsafe for travel; and the evidence tended to show that, with the knowledge of the police officers of the town, it had been the custom of the boys for two years to collect on the street and play ball in the evenings, and the injury complained of resulted therefrom.: *Held*, the negligence alleged was in the exercise of a governmental function, for which the city could not be held liable, and a judgment of nonsuit was properly allowed.

APPEAL by plaintiff from *Daniels, J.,* at June Term, 1912, of ROCKINGHAM.

Civil action. At the conclusion of the evidence a motion of nonsuit was sustained. The plaintiff appealed. When the pleadings were read plaintiff's counsel stated that they abandoned the allegations, charging the existence and nonenforcement of a town ordinance as set out in the complaint.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*George D. Bennett for plaintiff.*

*Johnson, Ivie & Dalton and Manly, Hendren & Womble for defendant.*

BROWN, J.   This action is brought to recover damages for the alleged wrongful death of T. C. Goodwin. The basis of the cause of action is the allegation that the defendant negligently

allowed its public streets to become unsafe for travel, in that certain boys were permitted without molestation to play baseball thereon.

The evidence tends to prove that the said Goodwin while driving along the public street of the defendant town in June, 1910, was struck by a baseball, his collar-bone broken, and other injuries inflicted, which are charged to have caused his death.

The evidence tends to prove that certain boys had a custom of collecting on the street and playing ball in the evenings, frequently during the spring and summer months, which custom had been going on for over two years, and was known to the police officers of the town, and no effort had been made to stop it.

Upon these facts the judge below held that the defendant was not liable, and in his opinion we concur.

A municipal corporation has a dual character, the one public and the other private. It exercises functions that are twofold; one being governmental and legislative and the other private and ministerial.

When the corporation is acting for the preservation of peace, engaged in the maintenance of good order and the enforcement of the laws for the safety of the public, it is exercising governmental functions, and enjoys immunity from suit.

When the corporation exercises the powers and privileges conferred on it by its franchise for its private advantage, for local and purely corporate purposes, it is subject to suit by those whom it may have injured.

The distinction between the two classes of powers is set forth very clearly in many adjudicated cases, as well as by textwriters, and the exemption of the municipality from liability in the one case and its liability in the other for an injury resulting from negligence firmly established. Second Dillon on Mun. Corp., secs. 752, 949-966; *Hill v. Charlotte,* 72 N. C., 56; *McIlheny v. Wilmington,* 127 N. C., 146; *Hull v. Roxboro,* 142 N. C., 453; *Harrington v. Greenville,* 159 N. C., 632; *Jones v. Williamsburg,* 97 Va., 722; 15 A. and E., 459; 28 Cyc., 1356.

The reason for this distinction is pointed out in a note found in 1 A. and E. Ann. Cases, p. 961, in the following language:

"The obvious reason for this distinction is, that the prevention of the improper use of streets by objects in motion and subject to human control involves the direct control of persons and the regulation by the municipality of the conduct of its citizens, and this requires an exercise of the public and governmental powers of the municipality, in respect to which no liability can arise. It is a well-settled rule that a municipality is not liable for tortious injuries to persons or property when engaged in the performance of governmental functions, while in the exercise of private or corporate powers it is liable."

This doctrine of the exemption of a municipal corporation from liability for injuries occasioned by unlawful or improper use of its streets, and not from any defect in their condition, has been applied in various kinds of cases, such as coasting, bicycle riding, animals running at large, the use of fireworks, and fast driving:

In *Addington v. Littleton,* 50 Col., 623, the corporation was held not liable to one injured through the failure of its officers to enforce an ordinance making it unlawful for dogs to run at large upon the streets.

The same conclusion was arrived at by the Oklahoma Court in *Marth v. Kingfisher,* 18 L. R. A. (N. S.), 1238, where the injury was received from a horse racing upon the streets of the city; likewise by the Court of Kentucky, where the plaintiff was injured by a sled in coasting upon the street. *Dudley v. Flemingsburg,* cited with other cases to the same effect on p. 639 of the note in 23 L. R. A., N. S.

In *Jones v. Williamsburg,* 97 Va., 722, the plaintiff was injured in a collision with a bicycle improperly ridden upon the sidewalk. In holding the town not liable, that Court said:

"The condition of the street or walk, however, is one thing, and the manner of its use by the public is quite a different thing. For its safe condition the city is responsible, but for its unlawful and improper use it is not. . . . The Government does not guarantee its citizens against all casualties incident to humanity, and cannot be called upon to compensate, by way of damages, its inability to protect against such accidents and misfortune."

In dealing with a situation far more dangerous than that of playing baseball, the Supreme Court of Pennsylvania in the case of *Norristown v. Fitzpatrick,* 94 Pa., 121, where it appeared that a crowd of citizens were engaged in firing a cannon in the streets of the city without authority, whereby great damage was inflicted, held that it was one of those injuries for which the municipality was not liable, but that it was within the exercise of governmental agency, and that the city was not liable for the negligence of its officers.

This question has been so fully discussed by this Court in the cases that we have cited that further discussion is useless. .

It is immaterial whether the plaintiff founds her claim upon the failure to enact an ordinance prohibiting baseball on the streets, or upon the failure to enforce such an ordinance.

The municipality would not be liable for the negligence of its officers, because the act is governmental in its nature, and the corporation is as much exempt from suit in such cases as the State itself.

The judgment of the Superior Court is

Affirmed.