### B. T. STURTEVANT v. THE SELMA COTTON MILLS.

(Filed 8 March, 1916.)

**Appeal and Error—References—Exceptions—Findings—Presumptions.**

> Where the trial judge sustained exceptions to a referee's report, made findings and thereon rendered the judgment appealed from, to which judgment the appellant excepted and assigned for error that the court sustained the exceptions, the exceptions thus taken are broadside and too indefinite to be considered on appeal, and it will be presumed that the findings of the judge were based upon sufficient evidence.

APPEAL by defendant from *Bond, J.,* at April Term, 1916, of JOHNSTON.

Civil action, heard upon exceptions to report of referee. Upon the hearing the judge allowed all of plaintiff's exceptions to the report, and found the facts himself and rendered judgment for plaintiff. Defendant excepted to the judgment and appealed.

*John W. Hinsdale for plaintiff.*
*F. H. Brooks, N. Y. Gulley for defendant.*

BROWN, J. This action is brought to recover damages for an alleged breach of contract for the purchase of certain machinery and appliances for use in defendant's factory to be manufactured by the defendant especially and according to specifications to fit the mill. The contract contained these provisions: "Delivery subject to delays beyond our control"; also, "all to be delivered f. o. b. cars at our works, Readville, Mass. We to have four weeks written notice of desired shipments."

The cause was referred, and upon hearing plaintiff's exceptions to the report and findings of the referee, the court sustained them and rendered judgment as follows:

"After argument, it is considered and adjudged that the exceptions of the plaintiff are allowed, and the facts are found by the court accordingly, and the exceptions of the defendant are overruled; and the court finds that the time limit in the contract sued on was inserted for

the plaintiff's benefit, and that .it did not require plaintiff to deliver within four weeks notice; that the contract provided that the plaintiff should not be liable for delay beyond the plaintiff's control, and the delay in delivery was beyond plaintiff's control; that even if all this were not so, the defendant waived an earlier delivery, and the plaintiff under the circumstances delivered in reasonable time, and the defendant had no right to cancel the contract; that the defendant is indebted to plaintiff in the sum of $535, with interest on $267.50 from 7 January, 1905, and on $267.50 from 7 March, 1905. It is adjudged that the report of the referee be and is amended accordingly, and as so amended is in all respects confirmed.

"It is, therefore, upon the motion of John W. Hinsdale, plaintiff's attorney, adjudged that the plaintiff above named do recover of the defendant above named the sum of $535 and interest on $267.50 from 7 January, 1905, and on $267.50 from 7 March, 1905. It is adjudged that the defendant recover nothing on its counterclaim."

"To this judgment defendant excepts" and appeals. This broadside exception is insufficient to bring up for review the findings of the judge. The alleged errors should be pointed out by specific exceptions as to findings of fact as well as law. Findings of fact by the judge are binding on us where supported by evidence, and when it is claimed that such finding is not supported by any evidence the exceptions and assignments of error should so specify. Such objection cannot be taken for the first time in this Court. *Joyner v. Stancill,* 108 N. C., 153; *Hawkins v. Cedar Works,* 122 N. C., 87.

The assignments of error that the court erred in sustaining the exceptions of plaintiff and in overruling those of defendant are entirely too general to fulfill the requirements of the rules of this Court. *Usry v. Suit,* 91 N. C., 406; *Wadesboro v. Atkinson,* 107 N. C., 317; *Hanner v. McAdoo,* 86 N. C., 370; *Jordan v. Bryan,* 103 N. C., 59; see cases collated in Revisal, pp. 253-4-5.

The judgment of his Honor is based upon his findings of fact and not upon those of the referee, and as those findings are presumed, in the absence of specific exception, to be supported by evidence, they are binding upon us. The judgment based upon those findings is corret.

Affirmed.