C. S. WILLIAMS v. ISAAC H. KEARNEY AND H. C. KEARNEY.

(Filed 26 March, 1919.)

**1. Appeal and Error—Case Remanded—References—Account—Credits.**

It appearing on appeal from a judgment rendered upon the report of a referee that the appellant has not been given advantage of certain material admissions the case will be remanded for that purpose.

**2. New Trials—Appeal and Error—Accounts—Credits—Newly Discovered Evidence.**

Where it appears on appeal in an action involving an account between the parties that the judge failed to regard a paid check given by one of them to the other as evidence, and the credit was not allowed, the check may be regarded in the Supreme Court as newly discovered evidence and the case remanded for it to be passed upon.

**3. Appeal and Error—Reference—Findings—Case Remanded.**

The report of the referee, supported by evidence and approved by the trial judge, is conclusive on appeal; but the Supreme Court may remand the case for additional, more definite or fuller findings as to certain items When such appears to be required.

APPEAL by plaintiff from *Calvert, J.,* at the August Term, 1918, of FRANKLIN.

This is an action to recover money alleged to be due by note and by open account, in which the defendant pleaded a counterclaim.

The plaintiff alleges in his complaint that the defendant is indebted to him in the sum of $10,000 or $12,000, by note and open account,

and the defendant in his answer admits part of the debt to be due and alleges that the plaintiff is indebted to him in the sum of about $14,000, due by open account.

The accounts of the plaintiff and the defendant involve many items and cover several years.

The issues raised by the pleadings were tried before a referee and on account stated, and they were then heard by his Honor on exceptions filed by the plaintiff to the report, and judgment was rendered in favor of the plaintiff for $946.22, with interest from 26 August, 1918, from which the plaintiff appealed, contending that he was entitled to a larger recovery.

*T. T. Hicks attorney for plaintiff.*
*W. M. Person attorney for defendant.*

PER CURIAM. The defendant admits that there is a mistake in the account against the plaintiff of $33.51 for sawing timber, and that he was in possession of the McGee farm and was allowed in the account $288 for repairs made while in possession, and that he was not charged with the rental value of $200.

The judgment must be reformed in these two particulars as the mistake as to the timber is admitted, and the defendant, having had the use and possession of the McGee farm, and being allowed for his repairs, is justly chargeable with the rental value.

At the hearing of the exceptions before his Honor the plaintiff produced a check drawn by himself in favor of the defendant and showing on its face that it had been given for cotton seed, and contended that the check had been collected by the defendant, and that although he had been charged with the value of the cotton seed he had not been given credit for the check.

His Honor, not understanding that the check was offered in evidence, did not pass on this contention of the plaintiff, and to the end that a true account may be stated, and treating the application of the plaintiff as in the nature of a motion for a new trial for newly discovered evidence, the cause is remanded with the direction to hear evidence and find the facts, and to allow or disallow the credit for the check according as the facts are found.

The court is also directed to make more specific findings on the following contentions:

1. The plaintiff contends that the purchase price of the Hight land was $3,775.50 and that the note executed for a part of the purchase money was $3,303.56, and that he paid the difference between these two amounts and has been allowed no credit therefor.

This seems to be admitted by the defendant, but the fact is not specifically found by the referee or by the court.

2. The plaintiff contends that he paid for the Armory lot for the benefit of the defendant and that certain cotton delivered to him and with which he has been charged was in payment therefor, and that this ought to be stricken out or that he ought to be credited with the price of the lot.

We are not able to determine from the report just how far these contentions have been passed upon in the findings of fact, and the court will therefore make additional findings thereon.

The other exceptions of the plaintiff, except as to interest, which has not been pressed upon the argument because interest was not allowed on either account, involve practically findings of fact, supported by evidence, which are conclusive upon us, and the judgment, except as modified by correcting the mistake as to the timber and the rental value of the McGee lot, is affirmed, reserving, however, further modification of the judgment in accordance with the findings upon the three items herein specifically referred to, to wit, the check presented to his Honor, the difference between the note executed and the purchase price of the Hight lot and the items of debit and credit as to the Armory lot.

Remanded.