This is an action to recover the balance due on certain promissory notes. The defendant filed answer admitting the execution of the notes, but alleging that certain property of defendant embraced in a deed of trust securing said notes, had been sold under the deed of trust and bought by plaintiff at a grossly inadequate price, and asking, therefore, that the sale to plaintiff by the trustee be set aside and the property be resold. The plaintiff admitted that he had purchased the property at the trustee's sale, but denied that the property was sold for a consideration so grossly inadequate as to avoid the sale. The case was referred to referees, who filed a report finding that there had been a complete settlement between plaintiff and defendant, and made certain other findings to be considered by the court if the findings as to a settlement should be set aside. The plaintiff thereupon filed exceptions to the report of the referees, which came on for hearing before Judge Lane. The defendant came in and admitted that the finding of a settlement by the referees was erroneous, and consenting that the exceptions to that be sustained; and Judge Lane, after hearing the evidence and argument of counsel, sustained other exceptions of plaintiff and found the facts.
The referee permitted the defendant to file an amendment, alleging that the sale was not properly advertised, which was stricken out by the judge presiding.
The following judgment, containing the findings of the judge, was rendered:
"This cause coming on to be heard upon the report of the referees, and the exceptions filed thereto by the plaintiff, and being heard, and the court having duly considered the evidence produced in the cause, the argument of the counsel, and the report of the referees, and the exceptions, the court sustains the exceptions of the plaintiff numbered 1 to 14, inclusive, and from the evidence in the case the court finds the following facts:
"1. That on 29 October, 1913, the defendant executed to the plaintiff his four several promissory notes, aggregating $6,527.50, all bearing interest from date, payable annually, one for $881.88 maturing 29 October, 1914; one for $1,881.87, maturing 29 October, 1915; and one for $1,881.88, maturing 29 October, 1916; and one for $1,881.87, maturing 29 October, 1917; and that at the same time defendant, to secure said *Page 481 
notes, executed to C. W. Tillett, Jr., trustee, a deed of trust conveying to him a house and lot on East Seventh Street, said deed of trust providing that upon failure to pay any of said notes at maturity, or any part of the interest on any of said notes when due, then all of the said notes should immediately become due and payable, and upon request of the holder of any of said notes the said trustee should sell the said property at public auction at the courthouse door of Mecklenburg County, after advertising said sale for thirty days at the courthouse door and three other public places in Mecklenburg County, or in a newspaper published in said county, said deed of trust being exhibit `C,' having been recorded in the office of the register of deeds of said county, in Book 323, page 602.
"2. That the defendant did not pay said notes as they became due, and did not pay the interest on same according to the terms thereof, and on said 1 January, 1916, had paid only $102.91 on said notes.
"3. That on 24 January, 1916, plaintiff entered into a written agreement with defendant (exhibit `E'), that if the defendant would pay him $35 per month to be credited on said notes he would not press him for payment until January, 1917, in order to enable defendant to make private sale of said property, if possible; that plaintiff waited on defendant until January, 1917, and longer, but defendant did not sell said property or pay said notes or the interest due thereon, but between 24 January, 1916, and 2 June, 1917, did pay the plaintiff the sum of $595.
"4. That on 14 June, 1917, there was due on said notes all the principal sum of $6,527.50 and $905.86 interest over and above all payments which had been made on said notes; and on said date the plaintiff requested the said trustee to sell the property embraced in said deed of trust under the terms thereof.
"5. That on 16 July, 1917, the trustee, after advertising the property embraced in said deed of trust according to terms thereof, and after notifying defendant twice, sold same at public auction to plaintiff for the price of $2,500, which sum was credited on the notes, and said trustee executed to plaintiff a deed for said property, which is marked exhibit `D.'
"6. That the trustee caused a proper notice of sale, setting forth and describing the property to be sold and the time and place of sale, to be posted at the courthouse door and three other public places in Mecklenburg County thirty days before said sale, and also had same published in theCharlotte News, an evening paper published in Charlotte, N.C. in the issues published on Friday, 15 June; Wednesday, 20 June; Wednesday, 27 June, and Wednesday, 4 July, 1917, and also gave personal notice to the defendant by letter on 14 June, 1917, and over the telephone *Page 482 
a few days before the sale, and that said advertisement was legal and regular and in accordance with the terms of the deed of trust.
"7. That at the time of said sale the amount due on the said notes, including interest, was $7,465.99, and after applying the amount brought by the property at said sale there was left a balance of $4,965.99; that no further payments have been made on said notes, and there is now due by defendant to plaintiff a balance of $4,965.99, with annual interest thereon from 16 July, 1917.
"8. That at the said trustee's sale there was no fraud or collusion or suppression of bidding by the plaintiff, the trustee, or any other person, but that said sale was openly and fairly conducted and held by the trustee on a regular sale day in the presence of a number of persons (variously estimated from 6 to 15) who were present at the sale.
"9. That at said trustee's sale the property was sold subject to prior encumbrances, which amounted to $1,498.40, same being an indebtedness of $1,000 due to an insurance company secured by deed of trust on the property, street paving assessments amounting to $448, and taxes amounting to $41.40; that the prior encumbrances, which have been paid by the plaintiff, or will have to be paid by him to perfect his title, added to the $2,500 bid at the sale and the $35 cost and expenses of sale paid by him, make the total cost of the property to plaintiff $4,024.40.
"10. That said property was listed for taxation in 1917 at $3,450.
"11. That on account of the war there was very little demand for real estate in July, 1917, and very few sales took place, except forced sales, and at such sales property sold at very low prices.
"12. That, considering the state of the real estate market in Charlotte, in July, 1917, $4,024.40 was a reasonable and fair price for the property to bring at a forced sale, and was at least 50 per cent of its fair market value at that time.
"13. That after plaintiff had purchased said property at the said trustee's sale, defendant rented same from plaintiff, agreeing to give plaintiff certain detachable screens and to assign certain unexpired fire insurance policies in return for being allowed to occupy the premises until 31 August, 1917, the agreement being reduced to writing (exhibit `F'); that defendant held the premises under said contract until 31 August, 1917, when he moved out and relinquished possession to plaintiff.
"The court holds as a matter of law:
"1. That the defendant is due the plaintiff a balance of $4,965.99, with interest thereon from 16 July, 1917, until paid.
"2. That there was no fraud or suppression of bidding at the sale held by the trustee, and the price bid for the property was not so grossly inadequate as to invalidate said sale. *Page 483 
"3. That the defendant, by the contract of 18 July, 1917, ratified and confirmed the sale of the property by the trustee, and is estopped thereby to question the validity thereof.
"4. That the plaintiff is the owner of the property conveyed to him by the trustee, and the defendant now has no right or equity therein.
"It is therefore ordered, adjudged, and decreed that the plaintiff recover of the defendant the sum of $4,965.99, with interest thereon from 16 July, 1917, until paid, and that the plaintiff is the owner of the property described in the answer, and the defendant has no right or equity therein. It is further adjudged that the plaintiff recover of the defendant the costs of this action, to be taxed by the clerk of this court."
The defendant excepted and appealed.
The plaintiff moves in this Court to affirm the judgment upon the ground that there are no exceptions in the record as a basis for the assignments of error, and the motion must be allowed.
"The object of an assignment of error is not to create a new exception, which was not taken at the hearing, but to select from those which were taken such as the appellant then relies on after he has given more deliberate consideration to them than may have been possible during the progress of the trial or hearing. The assignment of error, therefore, must be based upon the exception duly taken at the time it was due in the orderly course of procedure, and should coincide with and not be more extensive than the exception itself. In other words, no assignment of error will be entertained which has not for its basis an exception taken in apt time." Harrison v. Dill, 169 N.C. 544.
The exception to the judgment "Is not sufficient to bring up for review the findings of the judge. The alleged errors should be pointed out by specific exceptions as to findings of fact as well as law. Findings of fact by the judge are binding on us where supported by evidence, and when it is claimed that such finding is not supported by any evidence, the exceptions and assignments of error should so specify. Such objection cannot be taken for the first time in this Court. Joyner v. Stancill, 108 N.C. 153;Hawkins v. Cedar Works, 122 N.C. 87." Sturtevant v. Cotton Mills,171 N.C. 120.
The defendant has, however, lost nothing by failing to enter the exceptions, because the findings of fact are supported by evidence, and therefore conclusive on us, and they destroy the defense alleged in the answer and amended answer. *Page 484 
The objection that the court did not examine the evidence is contradicted by the recital in the judgment, which is, "and the court having duly considered the evidence produced in the cause."
There is no exception to the ruling of his Honor striking out the amended answer, which the referee permitted to be filed, but if exception had been entered it would amount to nothing, because the judge has found the facts against the defendant on the matters alleged in the amended answer as a defense.
Affirmed.