EDSON W. THOMAS v. CAROLINA WOOD PRODUCTS COMPANY.

(Filed 21 December, 1927.)

1. **Appeal and Error—Objections and Exceptions — Broadside Exceptions —Review.**

   An exception to a judgment modifying and confirming the unmodified part of the report of the referee by the trial judge, without particularizing the error sought to be reviewed on appeal to the Supreme Court, is a broadside exception and will not be reviewed.

2. **Appeal and Error—Referee — Modification—Courts — Evidence—Review.**

   The affirmation of the referee's findings of fact by the trial judge, or a modification thereof by him, is not reviewable on appeal when supported by legal evidence.

3. **Same—Questions of Law.**

   Where in an action by an agent to recover commissions on goods sold under contract within a certain territory, and referred, the referee has found that the commissions were due on all goods sold within the territory, and upon supporting evidence the trial judge has found that this arrangement continued to a certain date and was then modified by the parties so that the agent thereafter was only entitled to his commissions on orders sent in by him: *Held,* the judgment based on such modification is upon a finding of fact, and is not reviewable as a conclusion of law.

APPEAL by defendant from *Shaw, J.,* at June Term, 1927, of BUN-COMBE. Affirmed.

The plaintiff brought suit on a contract alleged to have been made by him and the defendant to recover commissions in the sum of $13,931.51 for the sale of furniture and other products of the defendant in designated territory. The defendant filed an answer and upon issues joined the cause was referred. The referee made a report and both parties filed exceptions. Judge Shaw reviewed the report and rendered the judgment appearing of record. The defendant excepted and appealed on error assigned.

*Osborne, Osborne & Link and Merrimon, Adams & Adams for plaintiff.*

*Merrick, Barnard & Heazel for defendant.*

ADAMS, J. Though the record contains 550 typewritten pages, the defendant's assignments of error reduce the merits of the controversy to a narrow compass. All exceptions to the report of the referee were overruled except as sustained or modified by the judgment. The referee found from the evidence that for more than a year prior to 29 April, 1918, the plaintiff had worked in certain territory as defendant's salesman under a contract whereby he was to receive a commission of seven per cent on all shipments made by the defendant to customers in said territory, and that the contract had never been changed except as to territory, and had remained in effect until 1 January, 1920. With respect to this finding Judge Shaw modified the report as follows:

"That up to 25 November, 1919, plaintiff was working under a contract with defendant, by and under which plaintiff was entitled to receive seven per cent commissions on the sale price of all goods shipped by defendant into plaintiff's territory theretofore allotted to him, on orders received prior to 25 November, 1919, irrespective of the source of said orders or when said orders were shipped, and that, after 25 November, 1919, the contract was so modified that the plaintiff for any future services was to receive seven per cent commission on the selling price only, on all goods shipped into said territory on orders which plaintiff personally produced; but the court further finds that notwithstanding the above modification of said contract plaintiff was entitled to commissions upon all orders received from his territory, whether said shipments were made before or after the first day of January, 1920."

In addition he found the following facts:

"That shipments were made by defendant to parties within said territory allotted plaintiff upon orders taken prior to 25 November, 1919, amounting to $205,378.75; and shipments made after 25 November, 1919,

upon orders personally produced by plaintiff amounting to $6,209.00; . after 25 November, 1919, and before 1 January, 1920, and the total of said shipments upon which plaintiff is entitled to seven per cent commissions is $211,587.75.

"That the amount earned by plaintiff for commissions on said shipments is $14,811.14.

"That defendant has paid to plaintiff on account of said commission so earned the sum of $3,555.19, leaving a balance due and owing by said defendant to said plaintiff of the sum of $11,255.95."

It was thereupon adjudged that the plaintiff recover of the defendant $11,255.95 with interest at six per cent from 1 January, 1920.

Following the judgment is this entry: "The defendant excepts to the foregoing judgment and to the findings of fact of the court, and gives notice of appeal to the Supreme Court."

Pretermitting the plaintiff's objection to the sufficiency of the defendant's exceptions, we pass to a consideration of the assignments of error. The first is a "broadside" assignment which fails to suggest wherein the "court erred in approving and confirming the report of the referee except as modified." This assignment is "too general to fulfill the requirements of the rules of this Court." *Sturtevant v. Cotton Mills,* 171 N. C., 119. The next two assignments relate to alleged error in overruling the defendant's first and second exceptions to the referee's report; but upon an inspection of the record we have failed to find error in either of these respects. The fourth assignment is addressed to Judge Shaw's modification of the referee's finding of certain facts. There is evidence in support of the modified finding and the facts as found are not reviewable in this Court. It is contended, however, that the modification embraces a question of law as well as a finding of fact. We do not so interpret the judgment. Whether the original contract was canceled on 25 November, 1919, as alleged, or whether as the court found it was only modified as to future services, the fact remains that shipments were made after 25 November upon orders personally produced by the plaintiff and accepted and filled by the defendant. The plaintiff was entitled to commissions on these orders. The modification is primarily a finding of fact as to the agreement of the parties and not a change of the facts by judicial construction. Other assignments point out alleged error in findings of fact; but when facts are found by the court below and there is evidence to support them, this Court is bound by the facts, and its right of review is confined to errors of law. *Rhyne v. Love,* 98 N. C., 486; *Thornton v. McNeely,* 144 N. C., 622; *Brown v. R. R.,* 154 N. C., 300; *Taylor v. Hayes,* 172 N. C., 663; *Williams v. Kearney,* 177 N. C., 531. Judgment

Affirmed.