W. L. ROBERTS v. CHAS. DAVIS AND MRS. MARY MOORE.

(Filed 4 March, 1931.)

1. **Appeal and Error F b—Exceptions to charge must be specific in order to be considered on appeal.**

In order for a charge of the court to the jury to be considered on appeal the appellant's exception must be specific in pointing out the supposed error and not merely a "broadside" exception, as in this case "defendant excepts to the charge of the court."

2. **Trial E e—Where party desires specific instructions he should make written request therefor.**

Where the complaining party is not satisfied with an instruction by the court to the jury as being sufficiently specific, and the instruction is substantially correct as to the law, his remedy is by offering a prayer for instructions in accordance with his view on the subject.

APPEAL by defendant, Mrs. Mary Moore, from *Lyon, Emergency Judge,* and a jury, at November Term, 1930, of JOHNSTON. No error.

*Succinctly:* Plaintiff contended that on or about 22 December, 1919, Chas. Davis owned certain property in Smithfield, Johnston County, N. C., and sold same at public auction, and C. I. Pierce, Geo. T. Pool and he (W. L. Roberts) became the last and highest bidders for said land, in the sum of $9,725. That the deed was made by Chas. Davis to C. I. Pierce, trustee for C. I. Pierce, Geo. T. Poole and W. L. Roberts, dated 22 December, 1919, and duly recorded in Book 66, page 392, register of deeds office for said county. The consideration stated in this deed is $9,725. That he paid his part of the purchase money for the land.

Mrs. Mary Moore, the defendant, in her answer, among other things, says that C. I. Pierce and Geo. T. Poole made a mortgage on said land to Chas. Davis for $7,293.75 which was duly recorded. "The said Chas. Davis, on or about 4 January, 1922, instituted in the Superior Court of Johnston County foreclosure proceedings against the adminis-trators of Geo. T. Poole, who was then deceased, and C. I. Pierce, and subsequently obtained an order of the Superior Court for the sale of said lands under and by virtue of said mortgage and a commissioner of the court was appointed to conduct the sale and execute a deed to the pur-chaser; that, on 18 May, 1925, after due advertisement, the commissioner sold said lands and this defendant became the last and highest bidder for same at the price of $3,465, and on 11 June, 1925, complied with the terms of said sale, paid the purchase price, and on 25 June, 1929, re-ceived a deed from E. F. Ward, commissioner, and promptly recorded the same."

Further: "That said C. I. Pierce was trustee for Geo. T. Poole and C. I. Pierce only, and was not trustee in any sense for W. L. Roberts; that the said W. L. Roberts had and now has no interest in and to said property, and the said C. I. Pierce was never, in fact, trustee for said W. L. Roberts; that it was recited in said deed that C. I. Pierce was trustee for Geo. T. Poole, C. I. Pierce and W. L. Roberts by the mutual mistake of said parties; that prior to the execution of said deed the said W. L. Roberts had failed and neglected to pay his part of the cash payment, and on the date of the execution of said deed failed and neg-lected to secure the deferred payments in accordance with the agreement made and entered into at the time of sale of said property by the de-fendants, Charles Davis and said purchasers; that he never put one penny in said property, either before the making of said deed at the time of its delivery or subsequent thereto and has no beneficial interest in the same."

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the name of W. L. Roberts included in the deed executed by Chas. Davis on 22 December, 1919, by mistake, as alleged in the answer? Answer: No.

2. What sum of money, if any, did the plaintiff pay upon the purchase price of the property described in the complaint? Answer: $3,241.66.

3. Are the parties hereto the owners and tenants in common of the land, as alleged in the complaint? Answer: Yes."

The court below rendered judgment for plaintiff on the verdict. The defendant, Mrs. Mary Moore, made numerous assignments of error and appealed to the Supreme Court.

*Winfield H. Lyon for plaintiff.*
*E. J. Wellons and W. L. Whitley for defendant, Mrs. Mary Moore.*

PER CURIAM. The record discloses that exception to the charge was as follows: "Defendants except to the charge of the court." This is not *specific.*

In *Rawls v. Lupton,* 193 N. C., at p. 430, speaking to the subject, citing numerous authorities: "Errors must be specifically assigned. An 'unpointed, broadside' exception to the 'charge as given' will not be considered. *McKinnon v. Morrison,* 104 N. C., 354. Exception to the charge of the court in general terms, not sufficiently specific to call the attention of the court to the particular point claimed to be erroneous, cannot be considered by an appellate court."

In *Cecil v. Lumber Co.,* 197 N. C., at p. 82, is the following: "The assignments of error, appearing on the present record, are not sufficiently definite to enable the court to understand what questions are sought to be presented, without a voyage of discovery through the record. *Sturtevant v. Cotton Mills,* 171 N. C., 119, 87 S. E., 992. Hence, the motion of plaintiffs to dismiss the appeal and to affirm the judgment for failure to comply with Rule 19, section 3, would seem to be well founded. *Porter v. Lumber Co.,* 164 N. C., 396, 80 S. E., 443."

Notwithstanding the assignment of error that the charge of the court below is not properly presented on the record, we have examined the portion of the charge pointed out on the argument in this Court as error, but can see no prejudicial or reversible error. The charge of the court below, as pointed out on the argument as error made by the court below, we think on the facts substantially correct. If defendant had wanted a charge more specific, a prayer should have been requested. On the whole record we can see no error. By an examination of the records in the office of the register of deeds it appears that defendant, before she

PRICE *v.* INSURANCE CO.

purchased, could have discovered the title of plaintiff to one-third interest in the land. It may be hard measure on the defendant, Mrs. Mary Moore, but, as there is no error in law, we have nothing to do with the findings of fact; that is for the jury to determine. The jury found the disputed facts for plaintiff.

No error.