G. W. SMITH AND SUSAN SMITH v. LAND AND MINERAL COMPANY.

(Filed 10 April, 1940.) ·

1. **Appeal and Error § 40a—**

Where appellant's only exception is to the signing of the judgment and there is no request for findings of fact or exceptions to the facts found, it will be presumed that the court found all facts necessary to support the judgment.

2. **Judgments § 4—Facts found held to support order refusing to set aside consent judgment.**

A husband and wife instituted action against a mineral company to adjudicate their title to mineral interests in certain lands. Consent judgment was signed by the husband and by the attorneys for plaintiffs and defendant but was not signed by the wife, and check in settlement was made payable to the husband. The wife made motion in the cause to set aside the consent judgment on the ground that in fact she had not consented thereto, but did not contend that the judgment was obtained by fraud or through mutual mistake. The trial court found that in plaintiffs' written contract of employment of their attorneys, signed by both the husband and wife, the attorneys were empowered, among other things, to settle the action by compromise or consent, that the husband informed his wife of the receipt of the check in full settlement, that part of the sum was expended for her benefit and part invested, and that she had knowledge that the said sums were part of the proceeds of the consent judgment. *Held:* The findings support the court's holding that the wife consented to or ratified the consent judgment, and sustains its order refusing to set aside the judgment.

APPEAL by plaintiff Susan Smith from *Armstrong, J.,* at September Term, 1939, of MITCHELL. Affirmed.

Plaintiffs originally brought an action against the defendant in which plaintiffs prayed: "That they have judgment declaring them to be the owners in fee simple of the minerals in said land, and that the cloud cast upon their title by the claim of the defendant be removed," etc. Attorneys Huskins and Wilson signed the complaint, which was verified.

The defendant's prayer was: "That the plaintiffs recover nothing by reason of their said alleged causes of action, and that the defendant be declared the owner and entitled to possession of the mineral interest in that portion of the land and premises described in the complaint specifically claimed by the defendant as set forth in the answer herein." The answer was filed by attorneys Heazel, Shuford & Hartshorn and McBee & McBee. There was a consent judgment at July Term, 1937, which was signed by "G. W. Smith, Witness Carrie Bryant. Huskins & Wilson, Attorneys for Plaintiffs. Alfred S. Barnard, Geo. Shuford, W. C. Berry, McBee & McBee, Attorneys for Defendant."

Susan Smith made an affidavit and motion on 5 May, 1938, in the cause to set aside the judgment and, after setting forth certain facts, says: "Therefore, it is respectfully requested that your Honorable Court correct the great abuse and injustice that has been done this affiant by setting aside the judgment in which it is adjudged that the Land and Mineral Company is the owner of the lands and minerals described in the complaint and in the affidavit and motion filed herein, and the provision that the plaintiff pay the cost; that this action stand for trial in the Superior Court of Mitchell County according to the course and practice of the courts, and for such other and further relief as to the Court may seem just and proper. This 5th day of May, 1938."

The cause came on for hearing before Armstrong, J., who found certain facts, among others the following: "That following the entering of the consent judgment aforesaid, and on the same date the said Susan Smith was notified and advised by her husband that said consent judgment had been entered and the above entitled action compromised and settled, and she was advised of the terms of said judgment; that though said consent judgment was entered into during the last week of July, 1937, payment of the sum of $2,300.00 was not made until August 25, 1937. That on August 25, 1937, payment of the sum of $2,300.00 was made by the defendant to the attorneys of the plaintiffs, Messrs. Huskins and Wilson, and though the consent judgment provided that the plaintiffs should pay the costs, nevertheless the same was paid by the defendant, pursuant to an agreement entered into by said parties, said costs amounting to the sum of $353.50. That said J. Frank Huskins, one of the attorneys for the plaintiffs, after deducting his compensation for services rendered, paid to the plaintiffs, by check, the sum of $1,700.00, which check bore the notation, 'For full settlement of case G. W. Smith and wife, Susan Smith, *v.* Land and Mineral Company'; that said check was payable to the order of G. W. Smith, husband of said Susan Smith, who was attending to said litigation for and on behalf of himself and his wife, and said G. W. Smith advised his wife, Susan Smith, that said payment had been made, in full compromise and settlement of said action on the day that said payment was made. That with the knowledge and consent of said Susan Smith, a portion of said money has been expended for the benefit of said Susan Smith, for food and wearing apparel and living expenses, and the said Susan Smith has received and will receive the benefits from the money paid as aforesaid, and with her knowledge and consent a portion of the same has been invested in Government Bonds, while another portion has been held on deposit in a bank for the benefit of said G. W. Smith and wife, Susan Smith, and said Susan Smith has ratified said settlement and the completion thereof, and disposition of the proceeds made as aforesaid. That the said Susan

Smith made no objection to the terms of said consent judgment after she was advised of its contents, and prior to the payment of the sum agreed to be paid, nor did she make any objection to said judgment at any time until the filing of a motion to vacate the same on or about 5th day of May, 1938. That the plaintiffs have not offered to return to defendant the sum paid them, as hereinabove set forth. That by reason of the matters and things appearing to the court, the court is of the opinion that there is no merit in said motion to set aside said judgment, and the same does not appeal to the conscience of the court, and the court further finds that the defendant compromised and settled said action and consented to said judgment and paid the same in good faith. It is, therefore, ordered, adjudged and decreed by the court that the motion of the plaintiff Susan Smith to set aside said judgment be and the same hereby is denied, and the judgment heretofore entered at the July Term, 1937, is adjudged to be a solemn and binding judgment of this court, and binding in all respects on the plaintiffs G. W. Smith and wife, Susan Smith, and the defendant. This the 23rd day of September, 1939."

The following is the attorneys' contract of employment signed by plaintiffs and witnessed by Brown McKinney: "This agreement, made and entered into this 1st day of March, 1935, by and between G. W. Smith and wife, Hannah (signed Susan) Smith, of the first part, and R. W. Wilson and Frank Huskins, under the firm name of Huskins & Wilson, of the second part: WITNESSETH: That the said G. W. Smith and wife have employed the said Huskins and Wilson as Attorneys to represent them in removing a cloud from the mineral interest in a tract of land on the waters of Cane Creek, in Mitchell County, and which is described in the complaint in an action entitled, G. W. Smith and Susan Smith *v.* Land & Mineral Company, and to pay them for their services the said Parties of the First Part agree to pay to them a one-fourth interest in such mineral interests involved in case the Parties of the First part succeed in removing the cloud and procuring a clear title thereto, and they agree and bind themselves and their heirs that they will convey by deed as soon as a favorable judgment may be obtained, a one-fourth undivided interest therein, or in case of sale before judgment they will pay one-fourth of the sale price received for same and if leased thereafter and before conveyance they will pay one-fourth of the net royalties received upon any lease, of the property involved, and/or one-fourth of any damages recovered. And they hereby grant and authorize the said parties of the Second part to act for them in relation thereto and to bring any action they deem necessary in their name, and to settle same by judgment or compromise by consent. And the said Huskins & Wilson agree to render their best services, and bring the matter to as speedy termination as the court will permit. And in

case an unfavorable judgment to the parties of the First Part be rendered, the Parties of the First Part will owe them nothing for their services. The Parties of the First Part agree to furnish the necessary prosecution bond and evidence available for the prosecution and trial of the title to said lands. In Testimony Whereof, the said Parties of the First and Second Parts have hereunto set their hands and seals the day and year first above written."

The plaintiff, Susan Smith, excepted and assigned as error the signing of the judgment by Armstrong, Judge, overruling plaintiff Susan Smith's motion to set aside the consent judgment heretofore entered in the cause, and appealed to the Supreme Court.

*Briggs & Atkins for plaintiff Susan Smith.*
*Heazel, Shuford & Hartshorn, McBee & McBee, and W. C. Berry for defendant.*

CLARKSON, J. We do not think the exception and assignment of error made by Susan Smith, "to the signing of the judgment" by the court below, can be sustained. The plaintiff, Susan Smith, tendered no request for findings of fact and failed to except to any of the findings of fact set forth in the judgment. There is no allegation made by Susan Smith that the consent judgment was obtained by fraud or mutual mistake, but does charge that it was made without her consent. The court below found the facts fully upon which the judgment was based and among other things that Susan Smith received the benefit of a portion of the money and a portion was invested with her knowledge and consent. That she was advised of the consent judgment and ratified the settlement. She was advised by her husband, G. W. Smith, on the day the payment was made that it was "in full compromise and settlement" of the action.

In *Dennis v. Redmond*, 210 N. C., 780 (784), is the following: "The only exception and assignment of error made by plaintiff is 'to the foregoing judgment.' A case where the facts are similar in all respects to the present one is that of *Ingram v. Mortgage Co.*, 208 N. C., 329. At page 330 it is said: 'The first exception is to the judgment itself. This judgment is regular upon its face, and the facts found by the trial judge are sufficient to support the decree.' Consequently, the first exception must fail, *Warren v. Bottling Co.*, 207 N. C., 313; *Moreland v. Wamboldt, ante,* 35. The second exception is 'to the finding and signing of the order of the finding of facts. It is to be observed that the plaintiff requested no findings of facts and there is no specific exception to any particular finding of fact. Obviously, some of the findings of fact are necessary and beyond question. The Court is not endowed with the

gift of prophecy, and, therefore, is unable to determine which particular finding of fact is objectionable to the plaintiff. Hence, the second exception must likewise fail.'" *Bank v. Duke,* 187 N. C., 386; *Hickory v. Catawba County,* 206 N. C., 165 (170); *Moreland v. Wamboldt,* 208 N. C., 35 (36); *Ingram v. Mortgage Co.,* 208 N. C., 329 (330).

In *Gardiner v. May,* 172 N. C., 192 (194-5), citing many authorities, it is said: "Where parties solemnly consent that a certain judgment shall be entered on the record, it cannot be changed or altered, or set aside, without the consent of the parties to it, unless it appears, upon proper allegation and proof and a finding of the court, that it was obtained by fraud or mutual mistake, or that consent was not in fact given, which is practically the same thing, the burden being on the party attacking the judgment to show facts which will entitle him to relief."

In *Banking Co. v. Bank,* 211 N. C., 328 (329), citing many authorities, we find: "In a motion of this kind, where the correctness of the court's ruling is dependent upon facts *aliunde* or *dehors* the record, a request should be made that the facts be found, otherwise it will be presumed that they were determined in support of the judgment." *Cason v. Shute,* 211 N. C., 195; *Boucher v. Trust Co.,* 211 N. C., 377.

Do the facts support the judgment of the court below? We think so. The presumption is that they do. There is much evidence in the record to support the judgment to which no exception was taken and the court below found sufficient facts to justify a refusal to set the judgment aside.

We find in McIntosh, N. C. Prac. and Proc. (in Civil Cases), at p. 772: "Whether the consent of an attorney in the case is sufficient to bind the client in a consent judgment will depend upon the authority of such attorney; 'every agreement of counsel entered on record and coming within the scope of his authority must be binding on the client.' The authority of the attorney extends to all matters necessary to the protection and promotion of the rights of his client, but he has no authority to waive any of his substantial rights, nor to compromise the case without the consent of the client, and a consent judgment would be a final determination of the rights beyond the power of the attorney." *Bank v. McEwen,* 160 N. C., 411.

The court below had sufficient evidence on which to base the judgment rendered, including the authority given by Susan Smith to her attorneys, "And they hereby grant and authorize the said parties of the Second Part to act for them in relation thereto and to bring any action they deem necessary in their name, and *to settle same by judgment or compromise by consent.*"

The plaintiff gave her attorneys broad powers. From the record, the trouble seems to be not so much her consent and ratification of the judgment but from the fact that her attorneys made the check to her husband

(who does not repudiate his consent), but he has given her very little of the money which was a part of the compromise. Her husband had an inchoate right to curtesy and holds most of the proceeds of compromise which belongs to her, and which she should collect from him and not defendant, who has paid out its money in good faith.

For the reasons given, the judgment of the court below is

Affirmed.