Facts pertinent to this appeal are set forth in his Honor's findings of fact, and judgment entered thereon, as follows:
"This cause coming on to be heard and the same being heard upon Motion to Vacate and set aside the judgments herein entered against the defendant, as appears of record in the office of the Clerk of the Superior Court, and the Court, after hearing the argument of counsel for plaintiffs and defendant, finds the following facts:
"1. That in these entitled causes the defendant employed Malcolm McQueen of the Fayetteville Bar to represent him in these and other causes pending before this Court wherein James Wilson, Clifton Barnes, C. Alexander, Willie Stone and Lillie Smith were plaintiffs and Walter Robinson was defendant; that no complaint was served on defendant except the Lillie Smith case, in which defendant's attorney appeared and filed pleadings; that in the other causes defendant's said attorney appeared in Court in apt time and lodged Motions to Dismiss for the reason that complaints were not filed within the time allowed and that copies were not left with the Clerk for defendant as required by law in such cases; that in the cases of the above named defendants (plaintiffs) the Court took the Motions under advisement, stating that same would be ruled upon and defendant's attorney advised; that in the case of C. Alexander and Clifton Barnes was ruled upon and dismissed and the defendants (plaintiffs) herein named retained by the Court, and not ruled upon.
"2. That defendant's attorney corresponded with the Clerk, requesting information regarding the ruling of the Court with respect to said Motions and was never notified of any action with respect to said motions *Page 852 
retained by the Court as aforesaid; that judgments by default were taken against the defendant in these causes while said motions were pending without notice to defendant or his counsel. The Court finds as a fact that copies of the complaints were not left with the Clerk or defendant as by law required, and defendant was entitled to motion to dismiss.
"3. That defendant and his counsel used and exercised due diligence in said matters and the judgments herein rendered during the years of 1939 and 1940 were erroneous and contrary to the usual course and practice of the Court, without fault on defendant's part; that defendant had no notice of the same until January 24, 1944, when docketed in the Superior Court of Cumberland County.
"4. The Court further finds as a fact that the Court had no jurisdiction to render said judgment on account of the facts herein stated; that same were without notice, as stated in the verified motion and the Court finds the facts to be as therein set out with respect to these judgments and that the same should be vacated and set aside as therein prayed; that defendant has a good and meritorious defense thereto and should be allowed to assert same; that defendant has used due diligence in all respects, and any neglect, if any, is excusable under the circumstances.
"5. Upon the foregoing facts the Court being of the opinion that the judgments against the defendant should be, as a matter of law and also in the discretion of the Court, set aside and vacated.
"It Is Therefore, Considered, ordered and Adjudged that these judgments against the defendant be, and the same are hereby vacated and set aside, and it is so ordered, this 24th day of March, 1944."
The plaintiffs excepted to his Honor's findings of fact and to the signing of the judgment, and appealed to the Supreme Court.
A general exception to his Honor's findings of fact and to the signing of the judgment thereon, is insufficient to bring up for review the findings of the judge. As stated in Sturtevant v. Cotton Mills, 171 N.C. 119,87 S.E. 992: "The alleged errors should be pointed out by specific exceptions as to findings of fact as well as law. Findings of fact by the judge are binding on us where supported by evidence, and when it is claimed that such finding is not supported by any evidence the exceptions and assignments of error should so specify. Such objection cannot be taken for the first time in this Court. Joyner v. Stancill, 108 N.C. 153; Hawkinsv. Cedar Works, 122 N.C. 87." *Page 853 
The exception taken by the plaintiffs points out no specific error.Hickory v. Catawba County, 206 N.C. 165, 173 S.E. 56. The judgment herein is based upon his Honor's findings of fact and are presumed, in the absence of specific exceptions, to be supported by the evidence and are binding on us. The judgment based on those findings is correct. Sturtevantv. Cotton Mills, supra; Vestal v. Vending Machine Co., 219 N.C. 468,14 S.E.2d 427; Smith v. Mineral Co., 217 N.C. 346, 8 S.E.2d 225;Harrell v. White, 208 N.C. 409, 181 S.E. 268; Roberts v. Davis,200 N.C. 424, 157 S.E. 66; Wood v. Bank, 199 N.C. 371, 154 S.E. 623;Thomas v. Products Co., 194 N.C. 729, 140 S.E. 722; Rawls v. Lupton,193 N.C. 428, 137 S.E. 175; Boyer v. Jarrell, 180 N.C. 479,105 S.E. 9.
For the reason stated, the judgment of the court below is
Affirmed.