J. O. PROCTOR AND W. E. PROCTOR, TRADING AS J. O. PROCTOR & BRO., v. THE CAROLINA FERTILIZER AND PHOSPHATE COMPANY, THE BANK OF GRIMESLAND, THE BANK OF ROSE HILL, AND JESSE FUSSELL.

(Filed 4 March, 1925.)

1. **Bills and Notes—Negotiable Instruments — Fraud — Holder in Due Course—Notice—Banks and Banking—Certificates—Deposits.**

When one has acquired a note tainted with fraud between the original parties, with notice of the fraud, he is not an innocent holder for value, under the provisions of the statute; and when a bank has issued to him

a certificate of deposit upon acquiring the note in good faith, for value, for the amount thereof, without notice and before maturity, the original fraud invalidates the certificate of deposit as to such holder, and can confer no superior right upon him than that existing under the note itself.

### 2. Same—Evidence—Burden of Proof.

When the evidence and verdict thereon establishes the fact that a negotiable instrument had been acquired by a holder with notice of the fraud between the original parties, the burden of proof is on him, claiming to be an innocent holder in due course, to establish that fact.

### 3. Appeal and Error—Contentions—Objections and Exceptions—Instructions—Prejudice.

A statement by the trial judge of the contention of the parties, if incorrect, should be excepted to at the time, in order to be available on appeal; and when it relates to contentions as to the law upon the evidence, it will not be held for reversible error, in the absence of an erroneous instruction to that effect.

APPEAL by Jesse Fussell from *Barnhill, J.,* and a jury, at January Term, 1925, of PITT.

*F. G. James & Son for plaintiffs.*

*Stevens, Beasley & Stevens and Julius Brown for defendant Jesse Fussell.*

CLARKSON, J. This case was before this Court on appeal by Jesse Fussell from a continuance of restraining order to the hearing, heard by Lyon, J., at Beaufort, 17 August, 1921, and is reported in 183 N. C., p. 153. This Court, *Clark, C. J.,* writing the unanimous opinion, affirmed the judgment of the court below. The facts are fully set forth in that opinion and will not be repeated.

On the trial in the court below, the issues submitted to the jury, and their answers thereto, were as follows:

"1. Was the execution of the note for $10,000 procured from the plaintiff by false and fraudulent misrepresentation of the defendant Phosphate Company, as alleged in the complaint? Answer: 'Yes.'

"2. If so, did the Bank of Grimesland purchase said note for value, before maturity and without notice of any defect or infirmity therein? Answer: 'Yes.'

"3. Was the certificate of deposit in controversy given for, and in exchange of, said note and as the proceeds thereof? Answer: 'Yes.'

"4. Did the defendant Jesse Fussell take said certificate for value, before maturity, and without notice of any defect or infirmity therein? Answer: 'No.'"

We think the issues submitted to the jury were the proper ones raised by the pleadings and in accordance with the law, as set forth in the

decision in this case when here on appeal from the continuance of the restraining order to the hearing.

The finding of the jury on the first issue established the fact that the $10,000 note was procured by fraud from the plaintiffs and the finding of the jury on the third issue established the fact that the certificate of deposit purchased by Jesse Fussell was tainted and polluted with the same fraud. When the defendant, Phosphate Company, started out to negotiate the certificate of deposit, it had a paper tainted and polluted with fraud. Water cannot rise above its source. The certificate of deposit, the exchange for the fraudulent note (less discount) when it reached Jesse Fussell, was polluted with fraud. The burden was then on Jesse Fussell, as was said in *Bank v. Felton,* 188 N. C., p. 386, "to show by the greater weight of the evidence that it acquired the notes before maturity, bona fide, for value, without notice of any infirmity in the notes or defect in the title (fraud or illegality) of the party negotiating them. Such notice on the part of plaintiff means either actual knowledge of the infirmity or defect, or knowledge of such facts that its action in taking the notes amounted to bad faith. *Holleman v. Trust Co.,* 185 N. C., p. 49." *Pierce v. Carlton,* 184 N. C., p. 175; *Bank v. Sherron,* 186 N. C., 297; *Bank v. Wester,* 188 N. C., 374; *Grace v. Strickland,* 188 N. C., 369.

The court below on this aspect of the case, charged the jury: "The court charges you if you shall answer the first issue 'Yes,' and the third issue 'Yes,' thereby finding that the note described in this suit was obtained by fraud, and that the certificate of deposit for $9,800.00 issued by the Bank of Grimesland was received by the defendant Fertilizer & Phosphate Company in exchange for and as the proceeds of said note, then the court charges you that the fraud by which said note was obtained would attach to the certificate of deposit, that is, said certificate would be tainted with fraud, and that places the burden upon him who claims to own the said certificate of establishing such facts as shown by the greater weight of the evidence that he received the same in good faith and for value before maturity, that is, that he purchased the same for value, before maturity, without knowledge of fraud, infirmity or defect in the title of the holder and without knowledge of such facts as would make the taking of such certificate bad faith on his part."

The court below clearly and accurately charged the law. This exception and assignment of error cannot be sustained.

In *Mfg. Co. v. Summers,* 143 N. C., 102, *Hoke, J.,* clearly established the law in this jurisdiction:

"When a man's property has been obtained from him by actionable fraud or covin, the owner can follow and recover it from the wrong-

doer as long as he can identify or trace it; and the right attaches, not only to the wrongdoer himself, but to any one to whom the property has been transferred otherwise than in good faith and for valuable consideration; and this applies not only to specific property, but to money and choses in action.

"Where the evidence and verdict established that the title of the party who negotiated the check to defendant was' defective, the burden under Rev., 2208 (C. S., 3040), was on the defendant claiming to be a purchaser in good faith for value and without notice, to make this claim good by the greater weight of the evidence; and the court erred in charging that the burden was upon the plaintiff to prove that the defendant was not a holder in due course."

The *Summers case* was cited and approved in this case when it was here before, *supra,* 183 N. C., p. 157.

The defendant contends that the following is error (10th exception and assignment of error) :

"Plaintiffs contend that the defendant Jesse Fussell, came into court and made his statements about the circumstances and the conditions under which he acquired the certificate of deposit, and contend that D. C. Fussell, the officer of the Carolina Fertilizer & Phosphate Company was in court and that he could have corroborated his statement by this witness, if it had been true, and that he has failed to do that, and contends you ought to take that fact or circumstance into consideration in determining what weight, if any, you shall give to the testimony of Jesse Fussell, and that you ought not to give his testimony any weight in respect to it. On the other hand the defendant contends that it was as much for these plaintiffs to do as for him, that if he had not been telling the truth about the transaction it was their duty to tender D. C. Fussell. Each party makes his respective contention about this circumstance. You will understand that I am merely stating to you the contentions. I am not stating it as a fact, or as law, but it is a contention of the defendant, it was as much the duty of the plaintiff as much as it was his to offer D. C. Fussell for your consideration. You will consider the relationship of D. C. Fussell to the Carolina Fertilizer & Phosphate Company, and any other fact or circumstance that might arise from this evidence of the defendant, which contentions you will give weight to and determine what weight, if any, you will give to the testimony of Jesse Fussell in passing upon the respective contentions as bearing upon the 4th issue."

"If the recitals of the court were incorrect as to the facts of the case, it was the duty of the defendant to call the court's attention to it, so that the correction could be made then and there. If this was not done at the time, the defendant cannot complain and wait and except

when the case is made up on appeal." *S. v. Barnhill,* 186 N. C., p. 450, and cases cited. *S. v. Ashburn,* 187 N. C., p. 723.

In *S. v. Galloway,* 188 N. C., 417, it is said: "Moreover, these instructions were the mere recital of contentions and embodied no erroneous statement of law. *S. v. Ashburn,* 187 N. C., 717, 722; *S. v. Reagan,* 185 N. C., 710; *S. v. Johnson,* 172 N. C., 920."

We see nothing prejudicial in the contentions as given by the court below and in the tenth exception and assignment of error.

We have examined carefully the prayers for instructions and assignments of error made by Jesse Fussell. The jury has found the issues against him.

In law, we can find

No error.