JULIEN WOOD ET AL. v. THE CITIZENS BANK, ADMINISTRATOR, ET AL.

(Filed 10 September, 1930.)

1. **Appeal and Error J c—Findings of fact of referee supported by evidence and approved by trial court are conclusive on appeal.**

   The findings of fact of a referee upon sufficient evidence, approved by the trial court are conclusive on appeal to the Supreme Court.

2. **Principal and Surety B b—Where county treasurer uses embezzled funds to pay county debt the one whose funds were embezzled may recover from county, and surety on treasurer's bond is liable.**

   Where the treasurer of a county embezzles funds of a bank of which he is cashier and uses them to cover his embezzlement of county funds by paying a lawful obligation of the county therewith, the bank may trace and recover its funds thus purloined, and the surety on the bond of the county treasurer is liable for the deficit thus created in the county funds.

APPEAL by defendant, Maryland Casualty Company, from *Small, J.,* at March Term, 1930, of CHOWAN.

Civil action by the commissioners of Chowan County to recover of the Citizens Bank, Inc., administrator of the estate of W. H. Ward, deceased treasurer of Chowan County, and the Maryland Casualty Company, surety on his official bonds, the sum of $17,733.56, alleged shortage in the official accounts of the said deceased treasurer (reported on first appeal, 197 N. C., 410, 149 S. E., 380).

The Maryland Casualty Company contends that $10,265.00 of this amount is not properly chargeable against the official accounts of the deceased treasurer, but represents a claim of the Citizens Bank, Inc., against the estate of W. H. Ward, deceased, who was also assistant cashier of said bank at the time of his death, for moneys borrowed or misappropriated by him as its assistant cashier and used to discharge, in part, his obligations to the county.

The Citizens Bank, Inc., on motion of the Maryland Casualty Company, was made a party defendant, and in its answer takes issue with this position of the surety.

A reference was ordered and the matter heard by F. E. Winslow, Esq., who found the facts and reported the same, together with his conclusions of law, to the court.

As bearing on the crucial point at issue, the referee found the following facts:

"22. The referee finds that W. H. Ward unlawfully misappropriated money of the Citizens Bank on 9 September, 1927, to the amount of $10,265.00, applied the money to the payment of a legal obligation of the county of Chowan due 10 September, 1927, and concealed his embezzlement by falsely carrying the amount, plus some other trifling amounts, in his cash items from day to day until his death.

"23. When the note due 10 September was paid as aforesaid Ward was then indebted to the county of Chowan in a sum exceeding the amount of said note for money which he had embezzled from the county fund, but the county officers were completely ignorant of this fact."

It was the conclusion of the referee, approved by the trial court, that the commissioners are entitled to recover of the administrator of the estate of W. H. Ward, deceased, the sum of $17,645.10 with interest at the rate of 12 per cent per annum (C. S., 357) from 10 February, 1928, as against the administrator, and from 19 May, 1928, as against the surety; and that the Maryland Casualty Company is not entitled to recover over against the Citizens Bank, Inc., in its corporate capacity, any part of this sum.

Upon exceptions duly filed to the report of the referee by the Maryland Casualty Company the same were overruled, while those filed by the commissioners were sustained, and from the judgment thus modifying and affirming the report, the Surety Company appeals, assigning errors.

*W. D. Pruden for plaintiffs.*
*Privott & Privott for defendant Citizens Bank.*
*Manning & Manning for defendant Maryland Casualty Co.*

STACY, C. J. On the findings of the referee, approved by the trial court, which are conclusive as they are not challenged for want of evidence to support them, we have discovered no exceptive assignment of error of sufficient merit to work a reversal of the judgment.

The two circumstances which differentiate this case from those cited and relied upon by appellant are, first, the fact that the $10,265.00 in question was embezzled from the bank by the deceased treasurer, and, second, the finding that said funds were used by the treasurer in his capacity as such to discharge county obligations.

It is well settled that where one's property has been purloined by actionable fraud or covin, the law permits him to follow it and to recover it from the wrongdoer, or from any one to whom it has been transferred otherwise than in good faith and for a valuable consideration, so long as it can be identified or traced; and the principle applies to money and choses in action as well as to specific property. *Proctor v. Fertilizer Co.,* 189 N. C., 243, 126 S. E., 608; *Mfg. Co. v. Summers,* 143 N. C., 102, 55 S. E., 522; *Edwards v. Culberson,* 111 N. C., 342, 16 S. E., 233. The pursuit of equity in this respect is stopped only when the means of ascertainment fail, or the rights of bona fide purchasers for value, without notice, intervene. *McNinch v. Trust Co.,* 183 N. C., 33, 110 S. E., 663.

Had the referee found that what Ward did with respect to the bank's funds amounted to a loan, a different question would have been presented. *Liles v. Rogers,* 113 N. C., 197, 18 S. E., 104; *Bank v. South Hadley,* 128 Mass., 503; *Bank v. New Castle,* 224 Pa., 285; *Pittsburgh v. Bank,* 79 Atl. (Pa.), 406.

Affirmed.