CORA LEE WYATT, WIDOW OF SAM WYATT, DECEASED EMPLOYEE, v. C. R. SHARP, NONINSURER.

(Filed 17 March, 1954.)

**1. Master and Servant § 55d—**

Where appellant on appeal to the Superior Court does not except to any finding of the Industrial Commission or to the award, but merely gives notice of appeal for a review as to errors of law, the single question presented to the Superior Court is whether the facts found were sufficient to support the award.

**2. Appeal and Error § 6c (2)—**

A sole exception to the judgment presents only the question whether the facts found support the judgment.

**3. Master and Servant § 40e—**

Findings to the effect that the employee suffered an injury arising out of and in the course of the employment, which injury aggravated a pre-existing heart condition and caused death, *is held* to support an award for compensation and burial expenses. G.S. 97-38.

APPEAL by defendant from *Clement, J.,* December Term, 1953, of TRANSYLVANIA.

Proceeding under Workmen's Compensation Act to determine liability of C. R. Sharp (employer and noninsurer) to Mrs. Cora Lee Wyatt, widow and only surviving dependent of Sam Wyatt, deceased employee.

The pertinent facts found by the hearing Commissioner are as follows:

1. That the defendant C. R. Sharp has been regularly engaged in business as a building contractor since January, 1950.

2. That on or about 10 March, 1950, the defendant as an independent contractor, entered into a contract with Pisgah Broadcasting Company to construct a building for it to house its radio broadcasting station.

3. That while Sharp was employed in the performance of his contract with Pisgah Broadcasting Company he was also engaged in constructing other buildings as a building contractor.

4. That on 24 April, 1950, and for approximately four weeks prior thereto, the deceased, Sam Wyatt, was employed by the defendant as a carpenter; that the defendant regularly employed Ben Mull, Keith Wright, Fred Wright, and Charlie Scruggs; that the performance of carpentry work was the usual type of employment performed in the course of Sharp's business or occupation as a building contractor; that on 24 April, 1950, the defendant regularly employed five persons in the conduct of his business as a building contractor; that Sam Wyatt was employed to work eight hours each day, five or five and one-half days per week, at a wage of $1.00 per hour, and that his average weekly wage while employed by the defendant was $40.00.

5. That on 24 April, 1950, Sam Wyatt, a man 71 years of age and weighing approximately 170 pounds, was working as a carpenter on the Pisgah Broadcasting Company building in the course of his employment by the defendant; that he was working on a scaffold approximately six feet above the ground; that as he raised a board to measure it the scaffold fell away from the building; that Wyatt rode down with the scaffold as it fell outward; that he landed in a sitting position on a pile of dirt; and that this constituted an injury by accident arising out of and in the course of his employment.

6. That the only trauma sustained by Wyatt in his fall occurred when he landed on the ground in a sitting position; that he was dazed for a few moments after the fall; that he complained of a pain in his neck; that after resting a short time he returned to work for about half an hour; that the fall occurred about 8:30 a.m.; that he was taken to the office of Dr. Newland about 11:00 a.m. the same day; that at that time he complained of pain in his neck, back, and chest and with shortness of breath; that he had minor contusions on the left side of his back; that he was given codeine and sent home to rest.

7. That Wyatt rested in bed at home the rest of Monday, 24 April, 1950; that he continued to complain of pain in his chest and back and shortness of breath; that about 10:00 p.m. Tuesday, 25 April, 1950, he suffered an acute pain in his chest with a smothering spell; that he was sent to the hospital immediately by Dr. Newland where he was placed in an oxygen tent and remained therein until his death at 1:15 a.m. 7 June, 1950; and that an autopsy was performed at 9:45 a.m. the same day by Dr. E. D. Peasley in the presence of Drs. Newland, Lyday, Sader, and others.

8. That prior to the fall suffered by Sam Wyatt, his heart was enlarged and the opening of the left branch of the coronary artery was reduced approximately fifty per cent of normal; that he had slight hardening of the arteries in the brain; that he had been suffering from a condition bordering on heart failure for sometime; that this condition had given him no prior trouble; and that the shock and trauma of the fall hereinabove described aggravated and accelerated the pre-existing heart condition so as to hasten the acute failure of the heart which occurred approximately 36 hours after the fall and which ultimately resulted in his death on 7 June, 1950.

9. That the death of Sam Wyatt was the result of an aggravation of a pre-existing condition which aggravation was caused by an injury by accident arising out of and in the course of his employment by the defendant C. R. Sharp.

Upon these findings of fact the hearing Commissioner concluded as a matter of law that the claimant is entitled to compensation under the provisions of G.S. 97-38 and G.S. 97-39, together with burial expenses provided by G.S. 97-38. Award was entered accordingly.

The defendant gave notice of appeal to the full Commission and filed exceptions to the hearing Commissioner's findings of fact and conclusions of law.

The full Commission reviewed the evidence, findings of fact, conclusions of law and the award theretofore made, and by a majority vote adopted as its own the findings of fact and conclusions of law of the hearing Commissioner and issued an award pursuant thereto.

The defendant appealed to the Superior Court only "for errors of law in review of award made by the full Commission."

The Superior Court affirmed the award granting compensation to plaintiff in all respects and entered judgment in accord with the ruling. To the signing of the judgment the defendant excepts and appeals to the Supreme Court, assigning error.

*Fisher & Potts for plaintiff, appellee.*
*Ramsey & Hill for defendant, appellant.*

DENNY, J. Here, as in the case of *Worsley v. Rendering Co., ante,* 547, the defendant entered no exception either to the findings of fact or conclusions of law made by the full Commission. Neither did he except to the award entered. He only gave notice of appeal to the Superior Court for a review as to errors of law.

Therefore, the single question presented to the Superior Court was whether the facts found by the full Commission were sufficient to support the award. No exception having been taken to such findings they are presumed to be supported by the evidence and are binding on appeal. *Greene v. Board of Education,* 237 N.C. 336, 75 S.E. 2d 129; *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488; *Wilson v. Robinson,* 224 N.C. 851, 32 S.E. 2d 601; *Wood v. Bank,* 199 N.C. 371, 154 S.E. 623; *Sturtevant v. Cotton Mills,* 171 N.C. 119, 87 S.E. 992.

Likewise, when an appeal is taken to the Supreme Court and the sole exception is to the signing of the judgment, the exception only challenges the correctness of the judgment and presents the single question whether the facts found are sufficient to support it. *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *Worsley v. Rendering Co., supra; Glace v. Throwing Co., Inc., post,* 668.

The findings of fact on this record are sufficient to support the judgment below, and the exception thereto must be overruled.

Even so, an examination of the record herein discloses that there is competent evidence to support the Commission's findings of fact upon which it based its award.

The judgment below is

Affirmed.