H. L. BEAVER, EMPLOYEE, v. CRAWFORD PAINT COMPANY, EMPLOYER;
PENNSYLVANIA THRESHERMEN & FARMERS' MUTUAL CASUALTY
INSURANCE COMPANY, CARRIER.

(Filed 19 May, 1954.)

**1. Appeal and Error § 24—**

An assignment of error must ordinarily be based upon an exception duly
and timely taken, and an exception to the signing of the judgment will not
support an assignment of error purporting to challenge the sufficiency of
the evidence to support the findings of fact.

**2. Appeal and Error § 6c (2)—**

An exception to the judgment presents the sole question of whether the
facts found are sufficient to support the judgment, and does not present
the sufficiency of the evidence to support the findings of fact.

**3. Appeal and Error § 6c (3)—**

In the absence of exception, the findings of fact are presumed to be sup-
ported by evidence and are binding on appeal.

**4. Master and Servant § 40g—**

The findings of fact of the Industrial Commission *held* sufficient to sup-
port an award of compensation for hernia.

APPEAL by defendants from *Sharp, Special Judge,* October Term, 1953,
of GUILFORD (Greensboro Division).

This is a proceeding to recover compensation under the provisions of
the Workmen's Compensation Act.

The full Commission, on appeal by the defendants from the hearing
commissioner, set aside the findings of fact, conclusions of law and the
award of the hearing commissioner, and, among other things, found the
following facts: That on 12 May, 1952, and for approximately five years
prior thereto, the claimant was employed by the Crawford Paint Com-
pany as a painter; that on the above date he undertook to remove a spray
gun tank, weighing approximately 65 pounds, from a trailer by standing
on the ground to the rear of the trailer and reaching over into the bed of
the trailer; that he lifted the tank high enough to clear the board around
the bed of the trailer which was about waist high; that he then twisted
to one side to lower the tank to the ground; that this was the customary
manner and method used by the claimant in removing the spray tank;
that he had removed the spray tank many times in the same manner
before; that as he started to lower the tank on this occasion and in this
position, he felt a sudden sharp pain in his right groin; that he placed
the tank on the ground at his side; that the pain was so severe that he
was unable to work for approximately half an hour; . . . that the claim-
ant continued to have pain in his right side but continued working; that

on 15 May, 1952, three days after the events above described, a small knot or swelling developed in his right groin and that this was caused by a hernia. That the claimant's hernia appeared suddenly; that it was accompanied by pain; that it immediately followed an accident; that there was an injury as hereinabove described resulting in hernia; and that it did not exist prior to the accident described on 12 May, 1952. That the claimant continued working with some moderate pain until about 14 July, 1952; that he lost no time as a result of his hernia until that date; that he underwent an operation for the correction of his hernia on 14 July, 1952; that he was temporarily totally disabled as a result thereof until 3 September, 1952; and that he has had no disability as a result thereof since that time.

Upon the above findings of fact the Commission concluded as a matter of law that the claimant sustained an accident that arose out of and in the course of his employment, and awarded compensation as provided by law.

The defendants appealed to the Superior Court and when the matter came on for hearing the court, on a review of the record, affirmed the award of the Industrial Commission and entered judgment accordingly. The defendants appeal, assigning error.

*Adam Younce for plaintiff, appellee.*
*Jordan & Wright for defendants, appellants.*

DENNY, J. The only exception entered in the Superior Court was to the signing of the judgment. However, the appellant assigns as error the ruling of the court below in affirming the award of the Commission, "for that the findings of fact and conclusions of law by the full Commission are not supported by the competent evidence offered." They likewise assign as error the ruling of the court below in affirming the award of the Commission, "for that the competent evidence offered is insufficient to establish that the injury alleged was by accident within the meaning of the North Carolina Workmen's Compensation Act."

An exception to the signing of a judgment will not support an assignment of error, purporting to challenge the sufficiency of the evidence to support the findings of fact. Such exception presents one question and one question only, and that is whether the facts found are sufficient to support the judgment. *Donnell v. Cox, ante,* 259; *Glace v. Throwing Co.,* 239 N.C. 668, 80 S.E. 2d 759; *Wyatt v. Sharp,* 239 N.C. 655, 80 S.E. 2d 762; *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467; *Fox v. Mills, Inc.,* 225 N.C. 580, 35 S.E. 2d 869; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609.

Moreover, it is the general rule that an assignment of error not based on an exception duly and timely taken, will not be considered on appeal. *S. v. Taylor, ante,* 117, 80 S.E. 2d 917, and cited cases.

In our opinion, the evidence disclosed on the present record does not support some of the findings of fact. Even so, where there is no exception taken to such findings, they are presumed to be supported by the evidence and are binding on appeal. *Wyatt v. Sharp, supra; Greene v. Board of Education,* 237 N.C. 336, 75 S.E. 2d 129; *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488; *Wilson v. Robinson,* 224 N.C. 851, 32 S.E. 2d 601; *Wood v. Bank,* 199 N.C. 371, 154 S.E. 623; *Sturtevant v. Cotton Mills,* 171 N.C. 119, 87 S.E. 992.

It would seem that the facts as found are sufficient to support the judgment. *Edwards v. Publishing Co.,* 227 N.C. 184, 41 S.E. 2d 592; *Smith v. Creamery Co.,* 217 N.C. 468, 8 S.E. 2d 231. Consequently, this decision is made to rest upon a question of appellate procedure. Therefore, it becomes a precedent in that respect only and not upon the merits of plaintiff's claim.

The judgment of the court below is
Affirmed.