CITY OF RALEIGH v. W. H. MORAND and wife, MARGARET OLIBENE MORAND.

(Filed 11 December, 1957)

1. **Appeal and Error § 22—**

   Where there are no exceptions to the admission of evidence or to the findings of fact, the findings are presumed to be supported by competent evidence and are binding upon appeal.

2. **Appeal and Error § 21a—**

   Where the court hears the cause by agreement of the parties, an exception to the refusal of motion for nonsuit presents no question for review when there is no exception to the findings of fact or conclusions of law.

3. **Appeal and Error § 21—**

   An exception to the signing of judgment presents the questions whether the facts found support the conclusions of law and the judgment entered thereon and whether any error appears on the face of the record.

**4. Municipal Corporations § 40: Injunctions § 4g—**

　　A municipality may enjoin the violation of its zoning ordinance. G.S. 160-179.

**5. Appeal and Error § 49—**

　　Where in one instance the findings of fact refer to an inapposite statute, but in all other places the applicable statute is referred to, the erroneous reference will be treated as a typographical error and not fatal.

**6. Municipal Corporations § 36—**

　　The Legislature has authority to confer upon municipalities jurisdiction for sanitary and police purposes beyond the city limits.

**7. Municipal Corporations § 37—**

　　Where a municipality is given the power to enact zoning ordinances within its limits and within one mile thereof, Chapter 540, Session Laws of 1949, the municipality may enjoin the use of land within one mile from its limits for a trailer park when at the time such use was begun the area was zoned for residential purposes only, and such restriction cannot be held arbitrary or discriminatory when the ordinance applies alike to all property within the territory affected.

**8. Municipal Corporations § 40—**

　　Where it is shown that a zoning ordinance has been duly adopted by the governing board of a municipality, there is a presumption that it was enacted in the proper exercise of the police power, with the burden of showing the contrary upon those attacking the validity of the ordinance.

APPEAL by defendants from *Phillips, J.,* June Civil Term 1957 of WAKE.

This is a civil action instituted by the City of Raleigh on 9 January 1957 against the defendants for the purpose of obtaining a permanent injunction restraining the defendants from the continued construction and maintenance of a house trailer park on the premises of the defendants, alleged to be within one mile of the corporate limits of the City of Raleigh.

When this cause came on to be heard, the parties agreed that his Honor might hear the evidence, find the facts, without the intervention of a jury, and render judgment upon the facts found. His Honor found the facts and entered judgment as follows:

"1. That the plaintiff, a municipal corporation, extended the zoning jurisdiction conferred upon it by Article 14 of Chapter 160 of the General Statutes of North Carolina and its Charter (Chapter 1184, Session Laws of North Carolina, 1949) to the area outside of its City limits and within one mile in all directions therefrom, pursuant to authority conferred upon it by Chapter 541 (540), Session Laws of North Carolina, 1949, by

Ordinance No. 293 adopted January 23, 1952 and effective February 15, 1952.

"2. That the property of the defendants described in the complaint lies within one mile of the City limits of the City of Raleigh and within an area zoned for use as a residential area.

"3. That the defendant W. H. Morand admitted that he had devoted his said land to use as a trailer camp or park and that at the time of the hearing he was renting house trailer space to sixteen house trailers at a charge of $16.00 per month for each house trailer.

"4. That the use of the defendants' said land for a trailer park or camp and for profit constitutes a violation of a valid and subsisting zoning ordinance of the City of Raleigh and that such use was commenced by defendants after the adoption and effective date of the ordinance prohibiting such use;

"IT IS NOW, THEREFORE, ORDERED AND ADJUDGED that the defendants and each of them be and they are restrained and enjoined from continuing the operation of said trailer camp or park on their said property for any use not permitted by the zoning ordinance of the City of Raleigh."

The defendants appeal to the Supreme Court, assigning error.

*Paul F. Smith, attorney for plaintiff appellee.*
*Alfonso Lloyd, Charles O'H. Grimes, for defendants appellant.*

DENNY, J. The appellants took no exceptions to the findings of fact or the conclusions of law entered pursuant thereto in the court below. Hence, no exceptions having been taken to the admission of evidence or to the findings of fact, such findings are presumed to be supported by competent evidence and are binding upon appeal. *Goldsboro v. R. R.* 246 N.C. 101, 97 S.E. 2d 486; *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759; *Beaver v. Paint Co.,* 240 N.C. 328, 82 S.E. 2d 113; *Donnell v. Cox,* 240 N.C. 259, 81 S.E. 2d 664; *Wyatt v. Sharp,* 239 N.C. 655, 80 S.E. 2d 762. Likewise, since no exceptions were taken to the findings of fact or conclusions of law, the exception to the refusal of the court to grant the appellants' motion for judgment as of nonsuit presents no question for review with respect to the findings of fact or the conclusions of law. *Goldsboro v. R. R., supra.* The exception to the signing of the judgment, however, does present these questions: (1) Do the facts found support the conclusions of law and the judgment entered thereon, and (2) does any error appear upon the face of the record? *Goldsboro v. R. R., supra,* and cited cases.

It is clear that the City of Raleigh extended the zoning jurisdiction conferred upon it pursuant to the statutes and its charter, as set forth in the court's finding of fact No. 1 hereinabove set out, by Ordinance No. 293, adopted 23 January 1952 and which became effective 15 February 1952, as amended by Ordinance No. 542 which is set out in the record and which became effective 16 December 1955. It likewise appears from the findings of fact that the use of the defendants' land for a trailer park or camp was commenced by the defendants after the adoption and effective date of the ordinance prohibiting such use.

The appellants assign as error the refusal of the court below to grant their motion to dismiss this action on the ground that the plaintiff is not entitled to have the defendants enjoined from violating the provisions of its zoning ordinance. We have held otherwise. *Raleigh v. Fisher*, 232 N.C. 629, 61 S.E. 2d 897; *Fayetteville v. Spur Distributing Co.*, 216 N.C. 596, 5 S.E. 2d 838. In fact, G.S. 160-179 expressly authorizes the use of the injunctive power of the court to enjoin violations of zoning ordinances. This assignment of error is overruled.

The defendants contend that since the complaint and the findings of fact erroneously refer to Chapter 540, Session Laws of North Carolina, 1949, as Chapter 541, it appears on the face of the record that the zoning ordinance of the City of Raleigh, as amended, is without legal validity. The contention is without merit. It clearly appears from other parts of the record that the ordinance prohibiting trailer camps in residential areas of the City and within one mile thereof in all directions was passed pursuant to the provisions of Chapter 540, Session Laws of North Carolina, 1949. Consequently, the erroneous references will be treated as typographical errors only.

The appellants further contend that their property lies in an area outside the City of Raleigh, not subject to city taxes, peopled by nonresidents of the City of Raleigh, and receiving no benefits from said city. Therefore, they contend that on the face of the plaintiff's complaint the ordinance sought to be enforced is unreasonable and arbitrary and cannot in any way be said to further the general welfare of the City of Raleigh.

In *Harrington v. Renner*, 236 N.C. 321, 72 S.E. 2d 838, this Court, speaking through Devin, C. J., said: "Statutes which have been passed authorizing the governing bodies of municipal corporations to enact zoning ordinances prescribing that in certain areas only designated types of buildings may be erected and used have been generally upheld by the courts as an exercise of the police power of the State. *Kinney v. Sutton*, 230 N.C. 404, 53 S.E. 2d 306; *In re Appeal of Parker*, 214 N.C. 51, 197 S.E. 706;

*Ahoskie v. Moye,* 200 N.C. 11, 156 S.E. 130; *Euclid v. Ambler Realty Co.,* 272 U.S. 365 (71 L. ed. 303).

"By Chapter 250, Laws of 1923, now codified as G.S. 160-172, *et seq.,* the General Assembly 'for the purpose of promoting health, safety, morals or the general welfare of the community' granted to the legislative bodies of cities and towns power to regulate the use of real property in respect to the character and purpose of buildings to be erected therein, to divide the municipality into zones in accord with a comprehensive plan, and to provide the manner in which such regulations should be established and enforced."

In the case of *S. v. Rice,* 158 N.C. 635, 74 S.E. 582, 39 L.R.A. (N.S.) 266, this Court said: "The Legislature has unquestioned authority to confer upon the town authorities jurisdiction for sanitary or police purposes of territory beyond the city limits." *Holmes v. Fayetteville,* 197 N.C. 740, 150 S.E. 624.

It is likewise stated in 37 Am. Jur., Municipal Corporations, Sections 284, page 918, "The legislature has power to confer on a municipal corporation police jurisdiction over adjoining territory immediately next to and within a specified short distance of the corporate limits."

Also, in 58 Am. Jur., Zoning, Section 18, page 950, it is stated: "Zoning laws are enacted in the exercise of the police power, and, where upheld, are upheld as a proper exercise thereof."

In the last cited authority in section 63, page 981, it is declared: "The validity of a zoning statute and ordinance relating to the division of a municipality into zones and the prohibition in particular zones of camping grounds conducted for private gain has been upheld as against the contention that they were arbitrary, unreasonable, and discriminatory." In Yokley's Zoning Laws and Practice, 2nd Ed., Trailers, section 253, page 149, it is said: "The right of a municipality to regulate trailers and trailer camps by placing them in certain zones and by excluding them from other zones is well settled."

The contention that the provisions of the zoning ordinance prohibiting the use of the defendants' property, which lies within an area zoned for residential purposes, for use as a trailer camp, constitute arbitrary, unreasonable, and discriminatory restrictions upon the property of the defendants, is untenable. The ordinance applies alike to all property within the territory affected. *Kinney v. Sutton,* 230 N.C. 404, 53 S.E. 2d 306; *Wake Forest v. Medlin,* 199 N.C. 83, 154 S.E. 29.

Furthermore, when it is shown that an ordinance in question has been adopted by the governing board of a municipality and that fact is shown, as it has been in this case, there is a presumption in favor of the validity of the ordinance. *S. v. Baynes,* 222

N.C. 425, 23 S.E. 2d 344; *Durham v. R. R.*, 185 N.C. 240, 117 S.E. 17. Consequently, there is a presumption that the zoning ordinance of the City of Raleigh constitutes a proper exercise of the police power, and the burden was upon the appellants in the court below to show otherwise. *Kinney v. Sutton, supra; Suddreth v. Charlotte*, 223 N.C. 630, 27 S.E. 2d 650. The defendants have failed to carry the burden in this respect. Moreover, no error appears upon the face of the record. *Cf. S. v. Owen*, 242 N.C. 525, 88 S.E. 2d 832.

We hold that the ordinance under consideration, which prohibits the construction and maintenance of a trailer camp within areas zoned for residential purposes within the City of Raleigh and within one mile of its corporate limits, is a valid exercise of the police power and may be enforced by injunctive relief.

The judgment of the court below is

Affirmed.