EDNA M. STEADMAN, WILLIAM C. STEADMAN AND WIFE, FRANCES F. STEADMAN, BRUCE A. STEADMAN AND WIFE, NORMA B. STEAD-MAN, JOSEPH P. STEADMAN AND WIFE, LELLIA D. STEADMAN, AND DOROTHY S. POWELL AND HUSBAND, CHARLES C. POWELL, v. THE TOWN OF PINETOPS, AN INCORPORATED MUNICIPALITY.

(Filed 14 January, 1960.)

**1. Appeal and Error § 49—**

Where the evidence is not in the record it will be presumed that the findings of fact of the trial court are supported by competent evidence, and are binding on appeal.

**2. Dedication § 1—**

While the registration of map showing a subdivision of land within a municipality into streets and lots constitutes a dedication of such streets to the municipality as far as the general public is concerned, regardless of whether the streets are actually opened or not, the munic-ipality has the right to accept or reject such offer of dedication, and when such streets are not opened or used by the public for fifteen years thereafter such offer of dedication is revocable under G.S. 136-96.

**3. Dedication § 2—**

Where a municipality opens, maintains and improves a street dedi-cated to the public by the registration of a map showing such street, there is an acceptance of the street by the municipality.

**4. Dedication § 3—**

Where a municipality has accepted the dedication of a street to the public by opening and maintaining the street, the right to revoke the dedication is gone except with the consent of the municipality and those owning lots purchased with reference to the map who thus have vested rights in the dedication.

**5. Corporations § 1—**

Where the term of a corporation is limited in its charter, such corpora-tion ceases to exist at the expiration of such term in the absence of a due extension of its charter.

**6. Dedication § 3—**

Where a corporation, which had dedicated streets to the public by the registration of a map showing such streets, ceases to exist, the right to revoke such dedication is vested in the owner of the land abut-ting the streets, and such right is not affected by the fact that a re-ceivership of the corporation is still extant. G.S. 136-96.

**7. Adverse Possession § 14: Dedication § 2—**

After a municipality has accepted the dedication of a street by open-ing such street for public use, such dedication is not affected by subse-quent non-user, and title to such street cannot be thereafter obtained against the municipality by adverse possession.

**8. Adverse Possession § 14—**

Where the owner of land permits the municipality without objection

to remove fences which the owner had erected across streets which had been dedicated to the public, such owner cannot claim title to the streets by adverse possession.

**9. Dedication § 3—**

Where only a portion of a street is described in the instrument withdrawing such street from a previous dedication to the public, such revocation of the dedication cannot affect the street outside the portion thus described.

**10. Same—**

Where streets have been dedicated to the public by registration of a map showing such streets, that portion of the streets necessary to afford convenient ingress and egress to lots sold with reference to such map are not subject to revocation of the dedication except by agreement.

**11. Same— Revocation of dedication is effective as to streets not accepted for use in fifteen years and which are not necessary for access to lots purchased by others.**

Streets on land within a municipality were dedicated to the public by the registration of a map showing such streets. More than fifteen years thereafter the owner of the land abutting such streets filed a revocation of dedication. *Held* the revocation was effective as to all streets which had not been accepted by the municipality up to the date of revocation and which were not necessary to afford convenient ingress and egress to lots sold with reference to the map, but as to a street necessary for convenient ingress and egress to a lot, and as to a street which had been opened up by the municipality, the revocation was ineffective, even though the street which had been opened up was used only for a period of two or three years and such use thereafter abandoned.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Fountain, Special Judge,* March-April Term, 1959, of EDGECOMBE.

This action was instituted 11 June 1958 for the purpose of obtaining a permanent restraining order enjoining the defendant Town of Pinetops, an incorporated municipality, from opening certain streets shown on the plat or "Map of Pinetops, N. C., Edgecombe County made for the Macclesfield Company, September 1917."

When this cause came on to be heard, the parties, through counsel in open court, waived a trial by jury and agreed that the judge presiding might hear the evidence and find the facts, make his conclusions of law and render judgment thereon. Plaintiffs and defendant having offered evidence as to the issues raised by the pleadings, the court found the facts and made its conclusions of law as follows:

"1. The property involved in this controversy is an area shown on Map of the Town of Pinetops dated September 1917, re-checked

and corrected for the Town of Pinetops, North Carolina, by R. A. Stamper, Surveyor, in March 1919, and recorded in Map Book 1, Page 105, of the Edgecombe County Registry, and particularly described in an instrument executed and designated by plaintiffs as 'Withdrawal of Dedication' dated February 1, 1958, and recorded February 7, 1958 in Book 597, Page 267, Edgecombe Registry, and designated as that part of 6th St., 8th St., Sater St., Lashley Street, Burnett Street, Dunn Street, Irwin Street and Reasons Street, in the corporate limits of the Town of Pinetops, and enclosed by a fence, and referred to as Steadman's Dairy.

"2. That B. A. Steadman, in 1935 and 1936, acquired by deeds from Leon T. Lentz and wife, recorded in Book 342, Page 294, and Book 354, Page 54, Edgecombe Registry, those certain city blocks and lots designated and shown on Map of Town of Pinetops, recorded in Map Book 1, Page 105, and described in said deeds by reference to said map as follows, to wit: Blocks numbered 55, 56, 57, 66, 67, 68, 69, 70, 34, 35, 36, 37, 59, 60, 61, 43, 44; Lots A, B, C, D, E, G, H, I, J in Block 54; Lots C, D, E, F, G, H, I, J, K, L in Block 45; Lots D, F, H, I, J in Block 46; Lots G, H, I, J, K, L in Block 47; Lots G, H, I, J in Block 48; Lots K, L in Block 49.

"3. That B. A. Steadman died intestate in 1953, and the plaintiffs are his widow and children, and only heirs at law, and that since 1935, B. A. Steadman up to the date of his death, then plaintiffs herein, have used the blocks described in said deeds, together with the streets referred to, as a pasture.

"4. That said pasture lies on both sides of Hamlet Street, which is also designated as N. C. Highway No. 42 and N. C. Highway No. 43.

"5. That the Town of Pinetops has heretofore as needed opened and maintained for public use a large number of the streets as shown on the Map of the Town of Pinetops referred to, including: 4th Street and 10th Street; 6th Street between Hamlet Street and Reasons Street; Reasons Street West from 6th Street; Irwin Street West from 6th Street; Dunn Street West from 6th Street; Hamlet Street; Burnett Street West of 6th Street and East of 10th Street; Lashley Street West of 4th Street and East of 10th Street; Sater Street West of 6th Street and East of 10th Street.

"6. That Burnett Street was opened by the Town of Pinetops between 6th and 10th Streets about 1936, and was used by the public, principally for walking for a period of two or three years. That the other streets referred to in plaintiffs' attempted 'Withdrawal

of Dedication' have not been opened and maintained for pedestrian or vehicular traffic.

"7. That in 1955 the Town of Pinetops by order of the Board of Commissioners caused a survey to be made by L. E. Wooten & Company, Engineers, for a water and sewerage system in the Town, showing grade and elevation on all streets of proposed system, including the identical streets claimed therein by plaintiffs, approved the proposed plan, applied for grant for Federal Funds, and the same has been approved by the Federal authorities.

"8. That at the 6th of August 1957 meeting of the Town Commissioners the Board adopted a resolution to re-open Burnett Street between 6th and 10th Streets, and notified plaintiffs. Negotiations between plaintiffs and defendant, pertaining to constructing an underpass on Burnett Street for plaintiff's cattle to pass and repass, were continued from time to time until June 9, 1958, plaintiff (defendant) having begun work on re-opening Burnett Street between 6th and 10th Streets on May 23, 1958.

"9. That plaintiffs did not give actual notice to defendant that they were claiming any right or title to Burnett Street, between 6th and 10th Streets, until June 9, 1958, at which meeting between parties, defendant was advised of the attempted Withdrawal of Dedication dated February 1, 1958.

"10. That The Macclesfield Company, a corporation, dedicated to public and private use, in the year 1917, the date of the Map of Town of Pinetops, all the streets as shown on said map recorded in Map Book 1, Page 105, Edgecombe Registry, both by said map and by deeds conveying lots and blocks by reference to said map over a period of many years up to the appointment of a Receiver in 1934, and also by conveyances by the Receiver of The Macclesfield Company subsequent thereto.

"11. That the Charter of The Macclesfield Company was granted by the Secretary of State of North Carolina for a period of thirty years from June 21, 1899. That the Superior Court of Edgecombe County in a proceeding entitled 'Gurney P. Hood, Commissioner of Banks, *ex. rel N. C. Bank & Trust Company v. The Macclesfield Company,*' appointed a Receiver of said The Macclesfield Company at the June Term 1934, on the grounds of insolvency, that said Receivership is still pending in the Superior Court of Edgecombe County; that on March 15, 1958 E. D. Foxhall was removed as Receiver on account of incapacitating illness, and M. L. Cromartie, Jr. was on said date appointed Receiver of The Macclesfield Company, in place of E. D. Foxhall, and was authorized and empowered to sell certain lots in the Town of Pinetops, described by reference to

said map recorded in Map Book 1, page 105. That M. L. Cromartie, Jr. is the duly appointed, qualified and acting Receiver of said Company.

"12. That under date of March 1, 1938 the Secretary of State of North Carolina suspended the Charter of The Macclesfield Company for failure to file annual franchise tax report. This suspension was recorded in the office of Clerk Superior Court of Edgecombe County on March 25, 1959.

"13. That subsequent to 1936 the Town of Pinetops opened and thereafter maintained certain of the streets, or part of the streets, as shown on said Map of the Town of Pinetops, which at that time were enclosed by the pasture fence of Steadman's Dairy, removed the pasture fence from the streets thus opened, being as follows: 4th Street from Burnett Street to Cobb Street in about 1947; 6th Street from Dunn Street to Pitt Street about 1952; 10th Street from Hamlet Street to Burnett Street * * *; 10th Street from Burnett Street to Sater Street about 1950.

"14. That under date of February 1, 1958 the plaintiffs executed an instrument designated 'Withdrawal of Dedication,' reciting that The Macclesfield Company was non-existent, that more than fifteen years had elapsed subsequent to the dedication of the streets referred to, that said streets had never been opened, that plaintiffs owned the land abutting said streets, and that the dedication of the streets described in the complaint herein were withdrawn from public and private use. * * *

"15. That on 11 June 1958, plaintiffs applied to Superior Court of Edgecombe County for temporary restraining order to prohibit defendant from re-opening Burnett Street between 6th and 10th Streets, and from trespassing on the other streets alleged to have been withdrawn from dedication.

"16. That many purchasers of lots under mesne conveyances from The Macclesfield Company own lots and reside in the vicinity of and adjacent to Burnett Street, West of 6th Street and East of 10th Street, that the George W. Carver School located on Blocks 72 and 73 is just East of 10th Street and on Burnett Street, that over 100 children travel to and from said school over Hamlet Street each day from the section of Pinetops West of 6th Street, that the opening of Burnett Street is necessary to afford convenient ingress and egress to said school, and to persons owning lots East of 10th Street and West of 6th Street as shown on Map of the Town of Pinetops.

"17. That B. A. Steadman was a member of the Board of Commissioners of the Town of Pinetops in 1936 and for some years there-

after, and was also a member of said Board at the time of his death in 1953, and some years prior thereto.

"18. That between the years 1935 and 1953 B. A. Steadman and wife executed and delivered warranty deeds to 34 grantees of lots described by reference to Map of Pinetops recorded in Map. Book 1, Page 105, and to 82 grantees of lots described by reference to Map of Carver Heights recorded in Map Book 6, Page 71, which Map refers to the map recorded in Map Book 1, Page 105.

"Upon the foregoing findings of fact, the court concludes that the Town of Pinetops had accepted the dedication of the streets as shown on the map of the Town of Pinetops recorded in Map Book 1, Page 105, Edgecombe Registry, by having the map re-checked, corrected and recorded in 1919, by its conduct in opening and maintaining the streets as shown on said map from time to time over the years as required for public use, by causing a survey of all streets shown on said map by grade and elevation, for a water and sewerage system for the town, and as to Burnett Street between 6th and 10th Streets, by specific resolution of the Town Board on 6th August 1957; that the Receiver is vested with title to all property and rights of. The Macclesfield Company, that plaintiffs are not authorized by. G.S. 136-96 to withdraw said streets from dedication to public use, that plaintiffs have not acquired title to said streets by twenty years adverse possession, and that plaintiffs are not entitled to relief prayed for herein.

"It is therefore, upon motion of * * * attorneys for defendant, ordered, adjudged and decreed that plaintiffs are not the owners of the streets referred to in the complaint, and are not entitled to the permanent injunction prayed for in their complaint, that the defendant go hence without day, that this action be dismissed, and the plaintiffs pay the cost herein to be taxed by the Clerk."

The plaintiffs excepted to the foregoing judgment and appealed to this Court, assigning error.

*Fountain, Fountain, Bridgers & Horton for plaintiffs D. C. Sessoms, Joel K. Bourne, Henry C. Bourne, for defendant.*

DENNY, J.  None of the evidence offered and admitted in the hearing below is brought forward and made a part of the record on this appeal.

Evidence adduced in a hearing below and not included in the case on appeal, or if included and there is no exception to the admission of such evidence or to the findings of fact based thereon, such findings are presumed to be supported by competent evidence and are

binding on appeal. *Salisbury v. Barnhardt,* 249 N.C. 549, 107 S.E. 2d 297; *Raleigh v. Morand,* 247 N.C. 363, 100 S.E. 2d 870; *Goldsboro v. Railroad,* 246 N.C. 101, 97 S.E. 2d 486; *James v. Pretlow,* 242 N. C. 102, 86 S.E. 2d 759; *Beaver v. Paint Co.,* 240 N.C. 328, 82 S.E. 2d 113.

The appellants contend that the facts found by the court below as set out hereinabove in paragraphs 2, 3, 6, 10, 11, 12, 14 and 16, do not support the conclusion that the receiver is vested with title to all property rights of The Macclesfield Company and, therefore, the plaintiffs are not authorized under the provisions of G.S. 136-96 to withdraw the streets in question from dedication to public use, and they assign this conclusion of law as error.

The general rule in this jurisdiction with respect to the dedication of streets and alleys shown on a map or plat of a subdivision was clearly stated in *Hughes v. Clark,* 134 N.C. 457, 47 S.E. 462, as follows: "* * * where lots are sold and conveyed by reference to a map or plat which represent a division of a tract of land into subdivisions of streets and lots, such streets become dedicated to the public use, and the purchaser of a lot or lots acquires the right to have all and each of the streets kept open; and it makes no difference whether the streets be in fact opened or accepted by the governing boards of towns or cities if they lie within municipal corporations. There is a dedication, and if they are not actually opened at the time of the sale they must be at all times free to be opened as occasion may require." *Gaither v. Hospital,* 235 N.C. 431, 70 S.E. 2d 680; *Rowe v. Durham,* 235 N.C. 158, 69 S.E. 2d 171; *Lee v. Walker,* 234 N.C. 687, 68 S.E. 2d 664; *Broocks v. Muirhead,* 223 N.C. 227, 25 S.E. 2d 889; *Insurance Co. v. Carolina Beach,* 216 N.C. 778, 7 S.E. 2d 13; *Wheeler v. Construction Co.,* 170 N.C. 427, 87 S.E. 221; *Conrad v. Land Co.,* 126 N.C. 776, 36 S.E. 282.

It should be kept in mind, however, that the dedication referred to in the rule above stated, insofar as the general public is concerned, without reference to any claim or equity of the purchasers of lots in a subdivision, is but a revocable offer and is not complete until accepted, and neither burdens nor benefits with attendant duties may be imposed on the public unless in some proper way it has consented to assume them. *Irwin v. Charlotte,* 193 N.C. 109, 136 S.E. 368; *Wittson v. Dowling,* 179 N.C. 542, 103 S.E. 18. Likewise, a town has the right to determine where its streets shall be located as well as the right to accept or reject any offer of dedication. *Sugg v. Greenville,* 169 N.C. 606, 86 S.E. 695; *Lee v. Walker, supra.*

However, where a municipality opens, improves and maintains a street dedicated to the public by the registration of a map or plat

showing such street, there is an acceptance of the dedication of the street by the municipality. Moreover, where the dedication of a street has become complete by the acceptance thereof by a municipality, and the street is opened and maintained by the municipality and used by the public, the right to revoke the dedication is gone, except with the consent of the municipality acting in behalf of the public and the consent of those persons, firms or corporations having vested rights in the dedication. *Blowing Rock v. Gregorie,* 243 N.C. 364, 90 S.E. 2d 898. See also *Salisbury v. Barnhardt, supra.* But where streets are dedicated to the public by the registration of a plat showing streets and alleys thereon, and such streets or alleys are not opened or used by the public for a period of fifteen years from and after the registration of such map or plat, the dedication of such streets and alleys become subject to withdrawal under the provisions of G.S. 136-96, and this is so even though such unopened streets or alleys lie within the limits of a municipality.

It is provided in Chapter 174 of the Public Laws of 1921, as amended, and now codified as G.S. 136-96, that, "Every strip, piece or parcel of land which shall have been at any time dedicated to public use as a road, highway, street, avenue, or for any other purpose whatsoever, by a deed, grant, map, plat, or other means, which shall not have been actually opened and used by the public within fifteen (15) years from and after the dedication thereof, shall be thereby conclusively presumed to have been abandoned by the public for the purposes for which same shall have been dedicated, and no person shall have any right, or cause of action thereafter, to enforce any public or private easement therein * * *; provided, that no abandonment of any such public or private right or easement shall be presumed until the dedicator or some one or more of those claiming under him shall file and cause to be recorded in the register's office of the county where such land lies a declaration withdrawing such strip, piece or parcel of land from the public or private use to which it shall have theretofore been dedicated in the manner aforesaid * * *; that where any corporation has dedicated any strip, piece or parcel of land in the manner herein set out, and said dedicating corporation is not now in existence, it shall be conclusively presumed that the said corporation has no further right, title or interest in said strip, piece or parcel of land, regardless of the provisions of conveyances from said corporation, or those holding under said corporation, retaining title and interest in said strip, piece or parcel of land so dedicated; the right, title and interest in said strip, piece or parcel of land shall be conclusively presumed to be vested in those persons, firms or corp-

orations owning lots or parcels of land adjacent thereto, subject to the provisions set out hereinbefore in this section.

"The provisions of this section shall have no application in any case where the continued use of any strip of land dedicated for street or highway purposes shall be necessary to afford convenient ingress or egress to any lot or parcel of land sold and conveyed by the dedicator of such street or highway. * * *"

In our opinion, the charter of The Macclesfield Company expired by its own limitation on 21 June 1929, and the corporation ceased to exist at that time within the meaning of the provisions of G.S. 136-96.

In the case of *Asheville Division v. Aston*, 92 N.C. 578, this Court said: "It is unquestionably true that a corporation, whose term of existence is fixed and limited in the act which creates it, cannot endure beyond the prescribed time, unless prolonged by the same authority or continued for the purpose of adjusting and closing its business, and no judicial proceedings are required to terminate it. The expiration of the time ends the life given to the artificial body, as death terminates the life of the natural person." The Court further said: "The operation and effect of this legislation (the appointment of trustees or a receiver) in securing a just and proper administration of the effects and estate of a defunct corporation through an agency appointed by the court, and whose functions are analogous to those of an administrator upon the estate of a natural person deceased, have been so fully discussed in *VonGlahn v. DeRosset*, 81 N.C. 467, that we forbear to pursue this branch of the subject further."

It was declared in *VonGlahn v. DeRosset*, cited above, that the existence of the corporation involved, "as a corporate body expired by the limitation contained in the charter and amendment on 31 December, 1871."

In light of the provisions of G.S. 136-96 with respect to the dedication of streets made by a corporation which is not now in existence, the appointment of a receiver to wind up the affairs of such corporation after its corporate existence has expired, militates in no way against these plaintiffs with respect to their right to withdraw the dedication of the unopened streets described in their certificate of Withdrawal of Dedication and duly registered as required by law.

The withdrawal statute expressly provides, " * * * that where any corporation has dedicated any strip, piece or parcel of land in the manner herein set out, and said dedicating corporation is not now in existence, it shall be conclusively presumed that the said corporation has no further right, title or interest in said strip, piece or parcel of land, regardless of the provisions of conveyances from said corpora-

tion, or those holding under said corporation, retaining title and interest in said strip, piece or parcel of land so dedicated; the right, title and interest in said strip, piece or parcel of land shall be conclusively presumed to be vested in those persons, firms or corporations owning lots or parcels of land adjacent thereto, subject to the provisions set out hereinbefore in this section."

It will be noted that the court below found as a fact in paragraph 6 set out herein that Burnett Street was opened by the Town of Pinetops between 6th and 10th Streets about 1936 and was used by the public, principally for walking for a period of two or three years; that the other streets referred to in plaintiffs' Withdrawal of Dedication have not been opened and maintained for pedestrian or vehicular traffic. Consequently, we hold that the plaintiffs had the right under the express provisions of G.S. 136-96 to withdraw from dedication all the streets described in their certificate of Withdrawal of Dedication, except Burnett Street. Such streets, except Burnett Street, not having been "actually opened and used by the public within fifteen (15) years from and after the dedication thereof, shall be thereby conclusively presumed to have been abandoned * * *." G.S. 136-96.

It must be conceded that the streets shown on the map of the subdivision of The Macclesfield Company when such map was recorded and lots were sold by reference thereto, insofar as the grantor was concerned became dedicated for public use, and the purchaser of a lot or lots therein had the right to have all and each of the streets kept open. There was a dedication by The Macclesfield Company of the streets shown on the map of the subdivision which the Town of Pinetops had the right to accept at any future time, it matters not how long, unless in the meantime title thereto became vested in a third party by adverse possession or until the dedication was withdrawn in accordance with the provisions of G.S. 136-96. *Roberts v. Cameron,* 245 N.C. 373, 95 S.E. 2d 899.

This assignment of error is upheld except as to Burnett Street.

In view of the conclusion we have reached with respect to the streets that have never been opened for any purpose, it is not necessary to determine whether or not the Town of Pinetops did or did not accept the dedication thereof. However, when Burnett Street was opened by the defendant Town in 1936, the opening of the street and its use for a period of two or three years constituted an acceptance of the dedication of said street. Hence, no statute of limitations thereafter ran against the Town of Pinetops with respect to said street.

In *Gault v. Lake Waccamaw,* 200 N.C. 593, 158 S.E. 104, this Court said: "When there is a dedication and acceptance by the municipality or other governing body of public ways or squares and

commons in this jurisdiction the statute of limitations does not now run against the municipality or governing body. Public Laws 1891, ch. 224, C.S. 435 (now G.S. 1-45) * * *."

We further hold that, since the plaintiffs and their predecessor in title, B. A. Steadman, have always without objection permitted the removal of the pasture fence erected by B. A. Steadman and allowed the Town of Pinetops at any time to open and extend streets into and through the property of these plaintiffs, as shown on the recorded map of the subdivision, whenever the Town needed to open any street or streets therein, until after the certificate of Withdrawal of Dedication was executed and filed of record on 7 February 1958, the claim of title to said streets by adverse possession is without merit.

From 1935 until 1953, while the plaintiffs' predecessor in title owned the blocks and lots described by block and lot number as set out in finding of fact in paragraph 2 hereinabove, the Town of Pinetops opened numerous blocks and streets as shown on the map of Pinetops; 8 or 9 blocks of these streets have been opened by the Town of Pinetops since 1947, through the property of these plaintiffs, without any objection on their part or of their predecessor in title.

Moreover, under the facts found in paragraph 16 set out hereinabove, to which there is no exception, we think the Town of Pinetops has the right to reopen Burnett Street from a point 150 feet East of 4th Street to 10th Street, a distance of only 2½ blocks, and we so hold. The withdrawal certificate purports only to withdraw from dedication Burnett Street from a point 150 feet East of 4th Street to 10th Street. The court below found, " * * * that the opening of Burnett Street is necessary to afford convenient ingress and egress * * * to persons owning lots (to lots owned by persons) East of 10th Street and West of 6th Street as shown on Map of the Town of Pinetops."

In the case of *Evans v. Horne*, 226 N.C. 581, 39 S.E. 2d 612, a subdivision was laid out and a plat thereof filed in the office of the Register of Deeds in Pitt County, North Carolina, in 1917. Albemarle Avenue, running generally North and South as shown on said map, was opened and maintained in front of a tier of lots that lay between that street and the right of way of the Atlantic Coast Line Railroad. Carolina Street, running in a generally East and West direction as shown on the map, was opened up from Albemarle Avenue West. Carolina Street, as shown on the map, continued East of Albemarle Avenue a distance of about 132 feet to the railroad right of way. The plaintiffs owned two lots North of this unopened portion of Carolina Street, one of which was adjacent thereto on the North. The defendants owned a tier of lots to the South of this unopened portion of

Carolina Street, one of which was adjacent thereto on the South. All these lots fronted on Albemarle Avenue.

In 1944, the widow of the original grantor who laid out the subdivision, together with several other persons as heirs at law of the original grantor, acting under the provisions of G.S. 136-96, filed in the office of the Register of Deeds in Pitt County a declaration of withdrawal of that portion of Carolina Street which had never been opened. When the case came on for trial, the jury found on the first issue that the portion of Carolina Street which the defendants sought to withdraw from dedication had never been opened, but on the second issue, to wit: "Is the continued use of said strip of land necessary to afford convenient ingress, egress and regress to the lot or parcel of land now owned by the plaintiffs as alleged?" the jury answered the issue "Yes." Judgment was entered accordingly.

On appeal, this Court, speaking through *Winborne, J.,* now C.J., said " * * * the jury having found that the continued use of the strip of land in question is 'necessary to afford convenient ingress, egress and regress to the lot or parcel of land now owned by the plaintiffs as alleged' the provisions of the statute G.S. § 136-96 have no application, and the challenge to the ruling on the motions for judgment as of nonsuit on this ground may not be sustained.

"Moreover, in light of the holdings of this Court in the cases of *Home Real Estate Loan & Ins. Co. v. Town of Carolina Beach,* 216 N.C. 778, 7 S.E. 2d 13, and *Broocks v. Muirhead,* 223 N.C. 227, 25 S.E. 2d 889, on the uncontroverted facts, plaintiffs would seem to be entitled to the relief demanded as a matter of law."

In light of the conclusions we have reached, it is unnecessary to discuss the remaining assignments of error.

The judgment entered below is modified to the extent set out herein, and affirmed with respect to the right of the Town of Pinetops to reopen Burnett Street.

Modified and affirmed.

HIGGINS, J., took no part in the consideration or decision of this case.