PAUL OSBORNE AND WIFE, MARJORIE OSBORNE; MARILYN PAYNE AND HUSBAND, ERIC PAYNE; PAUL BROWN OSBORNE AND WIFE, BRENDA OSBORNE; SAMUEL OSBORNE AND WIFE, KATHERINE OSBORNE; AND SUSAN OSBORNE (SINGLE) V. THE TOWN OF NORTH WILKESBORO, BY ITS BOARD OF COMMISSIONERS, W. F. ABSHER, JR., D. V. DEAL, R. M. BRAME, JR., REX M. HANDY, W. B. GWYN AND MAYOR GEORGE WIEBEL

No. 62

(Filed 15 March 1972)

1. **Dedication § 3— streets shown on developer's map — withdrawal from dedication**

    When sales of property in a municipality are made with reference to a map showing streets and alleys, the sales are offers of dedication of these streets and alleys to the municipality which may or may not be accepted by the municipality; if the municipality improves the streets and opens them to public use, acceptance is conclusively presumed, but if the municipality for a period of fifteen years or more fails to improve and open to the public a street or alley shown on the developer's map, the owner may file and record a declaration withdrawing the street or alley from dedication.

2. **Dedication § 3— failure of municipality to open street — withdrawal from dedication**

    Where land developers in 1900 registered a map of property in a municipality showing a street or alley on property now owned by plaintiffs, but the street and alley have never been opened or used in any way as a public street since the map was filed in 1900, plaintiffs had a right, as against the municipality, to withdraw the street and alley from dedication in 1969 under the provisions of G.S. 136-96 so as to defeat the right of the municipality to thereafter open the street and alley to public use.

APPEAL by defendant from *Seay, J.,* November 1970 Civil Session WILKES Superior Court. This case was docketed and argued at the Fall Term 1971 as No. 49.

The plaintiffs named in the caption instituted this civil action and filed a verified complaint alleging: (1) Ownership in fee of three adjoining specifically described parcels of land within the corporate limits of North Wilkesboro. (2) The Town of North Wilkesboro was laid out in 1900 as shown by the old Trogdon map recorded in Book 1, page 19, Wilkes County Registry. (3) The map described Sixth Street (north and south) crossing Cherry Street (east and west). Sixth Street north of the intersection has been open, hard-surfaced, and in use as one of the main streets in the Town for many years. As shown on the map, Sixth Street south of the intersection crosses Tract #3 of the plaintiffs' land. An unnamed alley is shown on the map as crossing Tracts #1 and #2 of the plaintiffs' land. Neither Sixth Street south of its intersection with Cherry nor the unnamed alley has ever been open or used in any way as a public street. (4) The plaintiffs and their predecessors in title have been in open, notorious and exclusive use and possession of all of that part of Sixth Street south of its intersection with Cherry and the unnamed alley likewise has not been in public use for any purpose since the map was filed in 1900.

The plaintiffs have listed and paid taxes on all of the three described parcels which include the unused part of Sixth Street and the unnamed alley. The plaintiffs further allege and offered evidence showing that on May 19, 1969, the plaintiffs filed a declaration withdrawing the dedication of Sixth Street and the unnamed alley south of the intersection with Cherry Street. Plaintiffs further allege the Town of North Wilkesboro many years ago filed a map of the Town for tax purposes which shows the plaintiffs' property, but does not disclose that part of Sixth Street or the alley south of the Cherry Street intersection. The plaintiffs have paid all taxes assessed on the three parcels of land. The record shows the Town Commissioners of North Wilkesboro on June 4, 1895, passed a resolution, " . . . (T)hat all streets & allies as laid off by the land Co. & in the . . . of the Town of North Wilkesboro be excepted (sic) by said Town & to be opened at the option of the Town Coms. South of the Rail Road." The defendant denies the plaintiffs' right to assert any claim of title by adverse possession, or otherwise.

The parties waived a jury trial and consented that the court hear the evidence, consider the stipulations, find the facts,

declare the rights of the parties, and enter judgment accordingly. The court on the evidence and the stipulations made these findings of fact: (1) The plaintiffs are the owners of the three lots shown on the Trogdon map. (2) Sixth Street south of Cherry and the unnamed alley have never been opened or used as a public street. (3) The plaintiffs and their predecessors in title have operated a private lumber business on the three lots shown on the map. A building has been erected on that part of Sixth Street shown on the map as crossing plaintiffs' lands. (4) The tax map of the Town does not show either the street or alley. The plaintiffs and their predecessors have listed and paid taxes on all of the land described in their pleadings, including the street and the unnamed alley as shown on the Trogdon map. (5) The plaintiffs on May 19, 1969, filed and had recorded a declaration withdrawing from dedication the street and alley now claimed by the defendant. Based on the findings, the court adjudged the Town of North Wilkesboro has abandoned Sixth Street and the unnamed alley described in the complaint and is estopped to assert title thereto. (6) The Town of North Wilkesboro is not exempted from the provisions of G.S. 136-96. It is accordingly adjudged that the plaintiffs own in fee the land as shown on the Exhibit "A" (map of their property) which is made a part of this judgment.

The Town of North Wilkesboro excepted and appealed.

*Samuel L. Osborne for plaintiff appellees.*

*Whicker, Vannoy & Moore by J. Gary Vannoy for defendant appellants.*

HIGGINS, Justice.

The evidence and findings in this case disclose that about the year 1900 land developers surveyed, filed, and registered a map showing lots, streets, and alleys for use in sales promotion. The map covers a large part of what is now the Town of North Wilkesboro. The map shows 108 blocks of lots and the proposed streets and alleyways proposed as access to them.

On the map Cherry Street is shown to be the main street for traffic east and west. A few tiers of lots are shown south of Cherry Street, two of which touch the north bank of the Yadkin River. The areas east and west of the two blocks which touch the River are shown on the map to be reserved to the

Osborne v. Town of North Wilkesboro

private owners, apparently parties other than those interested in the development. Third, Fourth, Fifth and Seventh Streets (all north and south) have their southern beginning in Cherry Street. Sixth Street (alone) is shown as crossing Cherry. After crossing Cherry, the map shows Sixth Street extends southward for about 800 feet and dead-ends at the boundary of the privately owned and reserved area.

The evidence supports the court's findings that Sixth Street north of the intersection with Cherry has been surfaced and in use and has carried heavy traffic for many years, but that part shown as south of Cherry and the unnamed alley have never been developed and have never been used by the public at any time for any purpose. In fact a building has been constructed across what is marked on the map as Sixth Street. All of Sixth Street south of Cherry and the unnamed alley have been in private use by the plaintiffs and their predecessors in title since the filing of the map by the developers. The tax map made by the City and used for tax purposes does not show Sixth Street or the alley south of Cherry. The plaintiffs and their predecessors have been charged with and have paid taxes on the lands described in their complaint which include the unused section of Sixth Street and the unnamed alley.

[1, 2] In view of the foregoing it is clear that the plaintiffs, as against the Town of North Wilkesboro, had the right to withdraw from dedication that part of Sixth Street and the unnamed alley south of Cherry. In this connection it seems clear that G.S. 136-96 provided a remedy by which the plaintiffs could remove the cloud on their title resulting from the developers' map and the June 4, 1895, resolution of the Town Commissioners. Insofar as concerns the municipality when sales are made in reference to a map showing streets and alleys, the sale is an offer of dedication of these streets and alleys to the municipality. The municipal authorities may or may not accept the dedication at their election. If they improve the streets and open them to public use, acceptance is conclusively presumed. However, if the municipality for a period of fifteen years or more fails to improve and open to public use a street or alley shown on the developers' map, the owner may file and record a declaration withdrawing the street and alley from dedication. By failure to develop or use, the municipality's rights to insist on the dedication is lost. *Irwin v. Charlotte,* 193 N.C. 109, 136

S.E. 368; *Sugg v. Greenville,* 169 N.C. 606, 86 S.E. 695; *Salisbury v. Barnhardt,* 249 N.C. 549, 107 S.E. 2d 297; *Steadman v. Pinetops,* 251 N.C. 509, 112 S.E. 2d 102. If the authorities for the statutory period fail to use the dedicated strips, the right to use is destroyed by a withdrawal.

We have not discussed here and are not concerned with the right of private purchasers of lots to insist that streets shown on a map by the developers be kept open for their benefit. Here involved is the right of the owners to take advantage of the Town's failure to open for public use that part of Sixth Street and the unnamed alley south of Cherry Street. G.S. 136-96 provides a means by which the owners may withdraw their offer of dedication and after withdrawal protects the landowners against the right of the city to open Sixth Street or the unnamed alley south of Cherry Street.

The court was correct in deciding for the plaintiffs on the basis of the landowners' withdrawal of dedication filed and recorded in this case. The judgment of the Superior Court of Wilkes County is

Affirmed.